Commonwealth *v.* Toro Development Company and Ryan Homes, Inc.
Commonwealth *v.* Toro Development Company and O'Block Homes, Inc.

Argued April 13, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

430

*Marvin A. Fein,* Special Assistant Attorney General, for plaintiff.

*Charles W. Herald,* with him *John D. S. Truxall* and *Truxall & Herald,* for defendant Toro Development Company.

*Robert C. McCartney,* with him *Eckert, Seamans & Cherin,* for defendant Ryan Homes, Inc.

*Ewing C. Bashor* and *John L. Chaffo,* for defendant O'Block Homes, Inc.

OPINION BY JUDGE KRAMER, July 7, 1971:

These cases are within the original jurisdiction of the Commonwealth Court. They were instituted by the filing of two Complaints in Equity by the Commonwealth of Pennsylvania Department of Health (plaintiff) against Toro Development Company, defendant in both cases (Toro) and a single builder company in each of the two cases.

The plaintiff avers generally that Toro as a land developer with the aid of his agents (the other codefendants) has collected "great amounts of soil" on its building sites from which, during periods of precipitation, there is a flow and discharge of soils into an unnamed tributary of Abers Creek, located in Allegheny County. Plaintiff alleges that this action by Toro vio-

lates Section 401 of the Clean Streams Law, Act of June 22, 1937, P. L. 1987, as amended, 35 P.S. 691.401, which reads as follows: "It shall be unlawful for any person or municipality to put or place into any of the waters of the Commonwealth, or allow or permit to be discharged from property owned or occupied by such person or municipality into any of the waters of the Commonwealth, any substance of any kind or character resulting in pollution as herein defined. Any such discharge is hereby declared to be a nuisance." The plaintiff also alleges that the discharge of the soil by Toro and the other defendants is a clear and present danger because it contaminates the waters of the Commonwealth by altering the physical and chemical properties of the water, by changing the color and taste of the water, by covering fish food organisms with silt-like material, and by rendering the waters harmful, detrimental and injurious to fish and other aquatic life.

Toro filed preliminary objections alleging (a) that the complaint was not sufficiently specific in that it failed to identify and locate the land from which the alleged soil discharge is occurring or occurred, and (b) that because the plaintiff failed to aver that its Sanitary Water Board and the Department of Health (now referred to as Environmental Quality Board of the Department of Environmental Resources, Act of December 3, 1970, P. L.    , Act No. 275), had established standards whereby and wherefrom Toro could ascertain and determine whether these soil discharges violated the Clean Streams Act; (c) that the plaintiff had failed to state a cause of action and Toro therefore demurred. Toro also stated in its demurrer that if "any" discharge of soil into the waters could be held to constitute pollution, then the application of Section 401 quoted above constituted a denial of the due process clause of the Constitution of the United States and of the Commonwealth.

It should be noted here that the other codefendants in each of the cases did not file preliminary objections but rather raised the same issues in new matter in their answers properly filed.

In its brief and at argument, the plaintiff admitted that its complaint was not sufficiently specific and therefore without any discussion necessary, we will sustain the first preliminary objection of the defendant, noted above.

In testing the legal sufficiency of the challenged pleading, a demurrer admits as true every well-pleaded material and relevant fact averred, and every inference fairly deducible from the facts pleaded, (*Kutsenkow v. Kutsenkow*, 414 Pa. 610, 202 A. 2d 68 (1964); *Mistick v. Cammack*, 397 Pa. 296, 154 A. 2d 588 (1959); *Dippel et al. v. Brunozzi*, 365 Pa. 264, 74 A. 2d 112 (1950) as well as facts of which the court can take judicial notice. *Condel et al. v. Savo et ux.*, 350 Pa. 350, 39 A. 2d 51 (1944); *Troop v. Franklin Savings & Trust Co.*, 291 Pa. 18, 139 A. 492 (1927).

At this point in the proceedings, this Court has not had presented to it any testimony or evidence concerning whether or not plaintiff has established standards for what in this case shall constitute a violation of the Act, or what shall constitute pollution from such soil runoffs. We do take judicial notice that the Sanitary Water Board (Board) has published rules and regulations which are referred to in the complaint.

We note that Section 1 of the Clean Streams Law, as amended, (35 P.S. 691.1) provides under definitions: " 'Pollution' shall be construed to mean contamination of any waters of the Commonwealth such as will create or is likely to create a nuisance or to render such waters harmful, detrimental or injurious to public health, safety or welfare, or to domestic, municipal, commercial, industrial, agricultural, recreational, or

other legitimate beneficial uses, or to livestock, wild animals, birds, fish, or other aquatic life, including but not limited to such contamination by alteration of the physical, chemical or biological properties of such waters, or change in temperature, taste, color, or odor thereof, or the discharge of any liquid, gaseous, radioactive, solid or other substances into such waters. *The board shall determine when a discharge constitutes pollution, as herein defined, and shall establish standards whereby and wherefrom it can be ascertained and determined whether any such discharge does or does not constitute pollution as herein defined.*" (Emphasis added)

The plaintiff's complaint adequately states (after the deficiencies of the complaint, insofar as specificity is concerned, are cured) that Toro accumulated soil on its land and permitted a discharge of that soil into the waters of the Commonwealth in violation of the Act. Whether or not the plaintiff will be able to prove such a violation remains to be seen after an evidentiary hearing. If it should be determined that Toro had no way of knowing that it was acting in violation of the Act because the Board did not give sufficient notice or warning, either through published standards or through individual instructions or through its rules and regulations, then the Court will have to rule whether or not the plaintiff has met its burden of proof. This is a matter of evidence and not a matter to be determined on preliminary objections.

Taking all of the allegations of the plaintiff's complaint to be true, we hold that there are sufficient allegations which can and should be answered by Toro in its answer or in new matter as filed by the other defendants in these cases. As the plaintiff notes in its first paragraph of the complaint, it is basing the action on the statute and its rules and regulations. At

this point in these proceedings, we do not know why Toro believes the published rules and regulations are not adequate. We cannot rule as a matter of law, in ruling on the preliminary objections, whether or not the plaintiff has established the standards which would notify the defendant of his responsibilities with regard to the runoff of soil.

For these reasons, the second preliminary objection in the nature of a demurrer must be overruled, and therefore we enter the following

### ORDER

AND Now, this 7th of July, 1971, the preliminary objection noted by the defendant, Toro Development Company, as "II. *Demurrer to the Plaintiff's Complaint*" is overruled, and the portion of the defendant's preliminary objections entitled "I. *Motion for More Specific Complaint*" is sustained, and leave is granted to the plaintiff to amend its complaint with sufficient specificity to identify and locate the land from which it is alleged that soil is being discharged into the waters of the Commonwealth by the defendants within twenty days from the date hereof; and the defendants will be permitted to file responsive pleadings, sec. leg.