Jose C. Young, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, December 15, 1976, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Jose C. Young,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, March 15, 1977:

Jose C. Young, plaintiff, has filed a complaint in mandamus against the Pennsylvania Board of Probation and Parole (Board) seeking relief from what he terms an unlawful recomputation of his prison sentence, and credit for prison time served under an allegedly unlawful recommittal against a subsequent

sentence. The Board has filed preliminary objections in the nature of a demurrer. We sustain the preliminary objections.

The effect of the Board's demurrer is that we accept as true every fact well pleaded by the plaintiff. *Commonwealth v. Toro Development Co.*, 2 Pa. Commonwealth Ct. 429, A.2d (1971). The complaint alleges: that plaintiff was sentenced on June 29, 1971 (original sentence) to a term of indefinite to six years at the Camp Hill Correctional Institution, the termination date of the maximum sentence being June 29, 1977; that while released on parole from this sentence, he was arrested and convicted of a new offense for which he was sentenced on March 19, 1976 to a term of one-half to three years in a state correctional institution; that the sentencing judge made no mention of his original sentence or of a parole detainer that had been lodged against the plaintiff two or three weeks after his arrest on the second offense, but did give plaintiff credit for nine months of incarceration while awaiting trial on the new offense; that upon plaintiff's arrival at the state correctional institution, he was entered on the new sentence and given credit for the nine months just mentioned; that six to eight weeks later, the Board conducted a parole violation hearing which resulted in his being found in violation; that he was then taken off the new sentence and recommitted under the original sentence; that the original and new sentences were to run consecutively with the plaintiff getting credit for the nine months on his new sentence and that upon his recommitment, the Board established the date of the expiration of the old sentence as November 6, 1979.

Plaintiff first says that the Board may not, upon recommitment, lawfully and constitutionally extend the expiration date of a sentence for which he was on parole. We have held to the contrary in *Kuyken-*

*dall v. Board of Probation and Parole*, 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976). The Board's recomputation of a convicted parole violator's sentence, resulting in a denial of credit for time spent on parole, does not violate the prisoner's due process rights under either Pennsylvania or United States constitutions.

Plaintiff next says that Pa. R. Crim. P. No. 1406 requires that, absent order to the contrary by the sentencing judge, his new sentence must run concurrently with his original one, and that the Board's order requiring consecutive service thereof constitutes an unlawful usurpation of the judicial function. Plaintiff's argument fails because the sentencing judge had no authority to impose other than consecutive sentences. Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a(a), requires that where, as here, a parolee is convicted and sentenced to imprisonment for a crime committed while on parole, and is recommitted by the Board as a parole violator, the remainder of his original sentence and the subsequent new sentence must be served consecutively. *See also Commonwealth v. Draper*, 222 Pa. Superior Ct. 26, 293 A.2d 614 (1972).

Plaintiff finally says that the fact that he was first entered at the State correctional institution on his new sentence precluded the Board from revoking his parole and reimposing his original sentence. This, too, is without merit. One convicted of crimes committed while on parole is not constitutionally entitled to an immediate parole revocation hearing prior to commencement of his new sentence. *Moody v. Dagget,* U.S. , 97 S. Ct. 274 (1976). Furthermore, Section 21.1(a) of the Parole Code, 61 P.S. §331.21a(a), requires, in pertinent part, that:

> If a new sentence is imposed upon [a convicted parole violator] the service of the bal-

ance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

Since both sentences imposed upon the plaintiff were to State correctional institutions, the Act required the original to be first served and, of course, the records would have to reflect this.

Accordingly, we enter the following

ORDER

AND Now, this 15th day of March, 1977, the preliminary objections of the defendant in the nature of a demurrer are sustained and the complaint herein dismissed.