Commonwealth ex rel. Carl E. Miles, Petitioner *v.* Julius T. Cuyler, Superintendent of the State Correctional Inst. at Graterford, Pennsylvania and The Pennsylvania Board of Probation and Parole, Respondents.

Submitted on briefs, June 19, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Carl E. Miles,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, August 10, 1978:

By our Order of March 17, 1978, the petition for review of Carl E. Miles, petitioner, was treated as one addressed to our original jurisdiction under Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401.[1]

Before us are the aforementioned petition for review, preliminary objection in the nature of a demurrer of the Pennsylvania Board of Probation and Parole (Board), together with the certificate of the Chairman of the Board, Section 8 of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* 61 P.S. §331.8, and the briefs of the respective parties.

As the issues raised herein have been dealt with by us many times before, it would serve no useful purpose to belabor the lengthy and complex factual history of this proceeding.

---

[1] Effective June 27, 1978, the jurisdiction of this Court over petitions for review within our original jurisdiction is now expressed in 42 Pa. C.S. §761.

Petitioner contends that the Board acted unlawfully when, upon recommitting him to a state correctional institution as a convicted parole violator, it extended his original maximum sentence by denying him credit for time spent on parole; when it recommitted him to serve the remainder of his original sentence, as extended, prior to serving subsequently meted out sentences; and by giving him credit toward only his original sentence for time spent in custody under the Board's warrants and detainers.

Turning first to the power of the Board to extend by the amount of time spent on parole the original maximum sentence of a convicted parole violator, we have held that Section 21.1(a) of the Act, added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a(a), provides on its face authority for such recomputations and is not violative of constitutional rights. *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977) (allocatur granted); *Kuykendall v. Pennsylvania Board of Probation & Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976); *Henderson v. Board of Probation and Parole,* 5 Pa. Commonwealth Ct. 8 (1972); *Commonwealth ex rel. Rambeau v. Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 152 (1972); *Commonwealth ex rel. Jones v. Board of Probation and Parole,* 3 Pa. Commonwealth Ct. 594 (1971).

On the issue of the order in which such sentences are to be served, and whether sentences for crimes committed while on parole may be served consecutively with a prisoner's original sentence, we said in *Young, supra* at 271, 370 A.2d at 814-15, wherein the same issue was raised: "Section 21.1(a) of the [Act] requires that where . . . a parolee is convicted and sentenced to imprisonment for a crime committed while on parole, and is recommitted by the Board as

a parole violator, the remainder of his original sentence and the subsequent new sentence must be served consecutively." We further held that the sentencing judge lacks authority to impose anything other than a consecutive sentence and that the original sentence must be served first. *Young, supra* at 272, 370 A.2d at 815.

Turning last to the issue of to which sentence a prisoner must be given credit for time awaiting trial while being held subject to a warrant or detainer of the Board, we held in *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), that it is toward the original sentence which such credit must be given as during such time the prisoner is under the jurisdiction of the Board, and, in that context, is not being incarcerated for the new offense.

Applying these rulings to the facts as developed by the pleadings upon respondent's preliminary objection, the Board's actions were properly taken.

ORDER

Now, August 10, 1978, the preliminary objection in the nature of a demurrer of the Pennsylvania Board of Probation and Parole is sustained and the above petition for review is hereby dismissed.