Andrew Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, August 21, 1978, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Andrew Taylor*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, and *Gerald Gornish*, Acting Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., December 20, 1978:

This opinion results from an Application for Re-Argument (or Reconsideration) filed by the Pennsylvania Board of Probation and Parole (Board) which contends that this Court's Order filed July 19, 1978, should be reconsidered. A copy of this application was served on Andrew Taylor (Petitioner) and no response has been received by this Court. After a careful review of the application, we are convinced that a reconsideration, without reargument, is in order.

The facts relevant to this opinion reveal that Petitioner was convicted December 17, 1959. The effective date of Petitioner's aggregated 11½ to 23 year

sentence on that conviction was May 2, 1960. Petitioner was released on parole February 14, 1972, having served 11 years, nine months, and 12 days. On March 30, 1974, Petitioner was re-arrested on multiple charges; the Board filed a parole violation warrant on April 2, 1974. Following a hearing, the Board ordered Petitioner detained pending disposition of the criminal charges. Petitioner was subsequently convicted and sentenced on June 6, 1975, to concurrent terms of 10 to 20 years for robbery and five to 10 years for criminal conspiracy. Petitioner was afforded a full Board revocation hearing on August 9, 1975, as a result of which he was recommitted to his 1959 sentence as a convicted parole violator.

The Board applies for re-argument under Pa. R.A.P. 2543(2) contending that this Court overlooked or misapprehended a fact of record material to the outcome of the case, specifically, that this Court's statement at Note 3 of our former opinion that, "[a]lthough the Board states in its brief that the 14 months [i.e., the period between the lodging of the Board's warrant and sentencing on the 1975 conviction] was credited toward the new sentence, the Chairman's Certificate, by stating that the minimum on that sentence was June 3, 1985 and the maximum June 3, 1995, clearly indicates that no such crediting was affected [,]" was in error.

There is still no merit to this contention.

However, after a careful review of the entire matter, this Court is convinced that the Board erred in entering an effective date of June 3, 1975 on the 1975 conviction. This is a reversal of the statement in our former opinion that the Board did not so err.[1]

---

[1] The instant decision has no effect on this Court's opinion at No. 295 Miscellaneous Docket filed July 19, 1978, except insofar as it conflicts with the instant decision.

478

The approximate 14-month period between the lodging of the Board's warrant and the sentencing on the new charges must be credited to the old (1959) sentence. *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977). This period did not end until June 6, 1975, and therefore it was error to enter an effective date of June 3, 1975 for the 1975 sentence because backtime and a new sentence cannot run concurrently. *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977).

Accordingly, we

ORDER

AND Now, this 20th day of December, 1978, the Pennsylvania Board of Probation and Parole shall amend its records as follows:

1. to reflect an effective date of June 6, 1975 for the sentence imposed June 6, 1975, with a minimum expiration date of June 3, 1985 and a maximum expiration date of June 3, 1995;

2. to reflect backtime on Petitioner's sentence of December 17, 1959 to be 10 years, 14 days, with the maximum expiration date of that sentence to be August 24, 1986.