Dennis M. Thomas, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, June 12, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Dennis M. Thomas,* petitioner, for himself.

*Stephen J. Mascherino,* Assistant Attorney General, with him *Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, September 18, 1979:

We have for our consideration Dennis M. Thomas' motion for summary judgment and the Pennsylvania Board of Probation and Parole's cross-motion for summary judgment. The present procedural posture was arrived at following the filing by Thomas of a petition for review to which the Board filed an answer with new matter and the filing by Thomas of an "answer to new matter."

Thomas was originally sentenced to three concurrent indeterminate terms, all with maximums of six years which would terminate on March 25, 1981. After serving somewhat more than one year on these sentences at the State Correctional Institution at Camp Hill, he was released on April 9, 1976 and placed un-

der parole supervision. On December 24, 1977, Thomas was arrested in Montgomery County, and charges of robbery, theft by unlawful taking, receiving stolen goods, simple assault, and conspiracy were lodged against him. Thomas was released on bail, and on January 13, 1978 a parole violation warrant was filed as a consequence of the arrest, and this resulted in his being detained pending disposition of the criminal charges.

After being found guilty in the Court of Common Pleas of Montgomery County relative to the offenses of robbery, conspiracy, theft, and assault, Thomas was sentenced, on September 14, 1978, to two concurrent terms of two to five years and, on September 18, 1978, was received at the State Correctional Institution at Graterford (Graterford).

Thomas was afforded a parole revocation hearing on September 28, 1978 by a representative of the Board, and the Board took action to recommit him as a convicted parole violator subject to serving the four years, eleven months, and sixteen days remaining on his original sentence and, on November 9, 1978, forwarded a recommitment order to Graterford.

When receiving Thomas at Graterford, the records office had entered him under the Montgomery County sentence, and, after receiving the Board's recommitment order, the records office changed its records as to Thomas and entered him as a convicted parole violator.

In the present proceeding; Thomas only contends that the fact that he was first entered at Graterford on his new sentence precluded the Board from revoking his parole and reimposing the unserved time of his original sentence. This same contention was made in *Young v. Pennsylvania Board of Probation and Parole*, 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977), and what we stated there is equally applicable

here, and we consider our holding in *Young* to be dispositive of the instant case. Judge ROGERS, writing for this Court in *Young*, stated:

> One convicted of crimes committed while on parole is not constitutionally entitled to an immediate parole revocation hearing prior to commencement of his new sentence. Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274 (1976). Furthermore, Section 21.1(a) of the Parole Code, 61 P.S. §331.21a(a), requires, in pertinent part, that:
>
>> 'If a new sentence is imposed upon [a convicted parole violator] the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>>
>> (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.'
>
> Since both sentences imposed upon the plaintiff were to State correctional institutions, the Act required the original to be first served and, of course, the records would have to reflect this.

29 Pa. Commonwealth Ct. at 271-72, 370 A.2d at 815. Accordingly, we enter the following

### ORDER

AND Now, this 18th day of September, 1979, Dennis M. Thomas' motion for summary judgment is denied. The Pennsylvania Board of Probation and Parole's motion for summary judgment is granted, and Dennis M. Thomas' petition for review is dismissed.