496 A.2d 1196

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Angel R. MOLINA a/k/a Angel Ramos Molina.**

Superior Court of Pennsylvania.

Submitted May 22, 1985.

Filed Aug. 2, 1985.

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Adam O. Renfroe, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and HESTER, JJ.

HESTER, Judge:

The Commonwealth of Pennsylvania appeals the trial court's determination that section 9712 of the Mandatory

Sentencing Act, 42 Pa.C.S.A. § 9712 (hereinafter "Act"), is unconstitutional. We conclude the trial court erred and vacate and remand for resentencing.

Defendant/appellee, Angel R. Molina, was convicted of possessing an instrument of crime, 18 Pa.C.S.A. § 907, and aggravated assault, 18 Pa.C.S.A. § 2702(a)(1). After the jury returned its verdict and before sentencing, the Commonwealth notified Mr. Molina of its intent to invoke 42 Pa.C.S.A. § 9712.[1] The Commonwealth also established that Molina possessed a firearm during the aggravated assault.

Following the denial of appellee's post-trial motions, the trial court refused to apply the mandatory minimum sentencing statute. Instead, the court imposed a sentence of 5 years probation for possessing an instrument of crime, and a concurrent term of 7 years probation for aggravated assault. The Commonwealth filed a motion for reconsideration of the sentence which the trial court denied. This appeal followed pursuant to 42 Pa.C.S.A. § 9712(d).

The facts of the crime, viewed in the light favorable to the Commonwealth, *Commonwealth v. Keblitis*, 500 Pa. 321, 456 A.2d 149 (1983), may be summarized as follows.

On the evening of June 18, 1982, appellee visited his neighbors, Monserate Quiles and Olga Cuevas, husband and wife, in their home. Angered by appellee's flirtation with his wife, Quiles followed appellee to his home upon Molina's departure, and knocked on the door. Quiles had a knife in his back pocket, which he used at his place of employment to open boxes, and a wrench in his hand. Quiles testified that he would have used the wrench to defend himself if attacked, but he did not threaten appellee with the wrench. Mr. Molina emerged from his home with a gun and fired two shots, one of which struck Quiles in the face. The victim underwent three operations as a result of this gunshot wound.

---

1. Although not required to do so by statute, the assistant district attorney also provided written notice to the defendant, shortly after filing the information, of his intent to invoke § 9712.

■ As noted, *supra*, the trial judge refused to apply section 9712 as he was required to do, even though "the jury *correctly* found that the Commonwealth had proven beyond a reasonable doubt that defendant did not act in self defense, and that the shooting was not legally justified." Trial court opinion at 6 (emphasis added). Although the trial judge purported to find that section 9712 works an unconstitutional imposition of cruel and unusual punishment, the judge's opinion clearly establishes, instead, that the court believed the circumstances of this case simply warrant an exercise of discretion for the imposition of a lesser punishment. This the court may not lawfully do. The lower court cites no cases in support of a constitutional underpinning to its decision. Rather, the cases cited deal with the discretion accorded to a sentencing court *in the absence* of the applicability of section 9712.

Section 9712 provides, in pertinent part,

§ 9712. Sentences for offenses committed with firearms

(a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of ... aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) ... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and

shall determine, by a preponderance of the evidence, if this section is applicable.

**(c) Authority of court in sentencing.**—There shall be no authority in any court to impose on the offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

**(d) Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

**(e) Definition of firearm.**—As used in this section "firearm" means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

The Supreme Court of Pennsylvania recently upheld section 9712 of the Act in *Commonwealth v. Wright,* —— Pa. ——, 494 A.2d 354 (1985). Although the opinion chiefly dealt with the propriety of the "preponderance of the evidence" standard applicable to whether the defendant visibly possesses a firearm, the seven justices of our highest court, in dictum, emphatically upheld the legislature's removal of the sentencing court's discretion under the statute.

The section in question removes from the sentencing court the discretion to decide whether total confinement is appropriate and whether to set a minimum sentence of less than five years. Visible possession of a firearm during the commission of the crime is a sentencing factor

which, if found, is dispositive of those issues. *The legislature has thus foreclosed the possibility of leniency to such gun-users.*

*Id.,* —— Pa. at ——, 494 A.2d at 357–358 (emphasis added). The Court noted that it is the province of the legislature to determine the punishment imposable for criminal conduct, and rejected out of hand any argument that section 9712 violates the separation of powers principle by depriving the sentencing court of discretion. *Id.,* —— Pa. at ——, 494 A.2d at 361 n. 4.

Finally, further commenting on the legislature's removal of discretion from the sentencing court, the *Wright* Court stated,

The effect of section 9712 is merely to limit the discretion of the sentencing court in the selection of a minimum sentence where it is determined that the defendant visibly possessed a firearm during the commission of the crime. The maximum permissible term of imprisonment remains unaffected. *The defendant has no cognizable right to leniency.*

*Id.,* —— Pa. at ——, 494 A.2d at 362 (emphasis added). The Court emphasized that a defendant has no right to avoid punishment and no right to a particular punishment within the relevant statutory range. Justice Larsen, in his concurring opinion in which all other justices joined, noted that when section 9712 is applicable, the sentencing court's discretion to be lenient is restricted, and the court actually lacks authority to place a convicted offender on probation. *Id.* (Larsen, J., concurring), —— Pa. at ——, 494 A.2d at 356 n. 2.

A panel of this court, in *Commonwealth v. Cooke,* 342 Pa.Super. 58, 492 A.2d 63 (1985), considered and rejected the argument that section 9712 violates the right to due process because the legislature removed the sentencing judge's discretion to impose a lesser term. We noted therein that the individualized consideration required to be given by the sentencing court, pursuant to the Sentencing Guidelines, does not supercede the mandatory provision of section

9712. We stated, "[T]he mandatory five year minimum sentence for the commission of certain serious crimes with a visible firearm is designed to protect human life and is reasonably related to accomplishing that goal. We therefore find that the mandatory sentencing provision in 42 Pa.C.S.A. § 9712 does not violate due process of law." *Id.,* 342 Pa.Superior Ct. 70, 492 A.2d at 70.

It is clear that the trial judge was without authority to sentence Mr. Molina to a term of probation for the conviction of aggravated assault. It is irrelevant that the trial judge believed this to be a "stupid" crime, that appellee had no prior record and that Molina is a "good, hardworking man, a homeowner, a family man, and a faithful churchgoer." Trial court opinion at 6. It is obvious, notwithstanding the directive of section 9712(c), the trial judge refused to abide by the Act simply because he found it distasteful to impose the required sentence.

Accordingly, 42 Pa.C.S.A. § 9712(d) requires us to vacate the sentence imposed for aggravated assault and remand for resentencing.

Jurisdiction relinquished.