570 A.2d 539

COMMONWEALTH of Pennsylvania, Appellant,

v.

Charles J. McBRIDE, Sr., Appellee.

COMMONWEALTH of Pennsylvania

v.

Charles J. McBRIDE, Sr., Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 13, 1989.

Filed Feb. 14, 1990.

114

William M. Kern, Dist. Atty., Clarion for Com., appellant in No. 550 and appellee in No. 669.

David A. Whitney, Ridgway, for appellant in No. 669 and appellee in No. 550.

Before WIEAND, TAMILIA and HESTER, JJ.

WIEAND, Judge:

In this criminal action, both the defendant and the Commonwealth have filed appeals. Charles J. McBride, Sr., who was found guilty by a jury of aggravated assault and recklessly endangering another person,[1] contends that his trial counsel was constitutionally ineffective. The Commonwealth argues that the trial court improperly refused to impose the mandatory minimum sentence required by 42 Pa.C.S. § 9712.

The charges resulted from an altercation between McBride, on the one hand, and Terry and Brian Shaffer, on the other. Terry Shaffer was an off-duty state trooper, and Brian Shaffer was his son. The Shaffers were standing on the berm of the highway which was adjacent to their home and were pouring oil on the berm to prevent the blowing of dust, when McBride drove past. Words were exchanged, and an argument developed between McBride and Brian Shaffer. Later, McBride returned to the Shaffer residence, confronted Terry Shaffer and pointed a gun at him while making threats. When McBride returned the gun to his car, he retrieved a baseball bat, which he swung at Shaffer. After McBride had departed, Shaffer reported the incident to the barracks of the State Police, and Corporal Haskins and Trooper Beight were dispatched to investigate. They went to McBride's residence and there, without a warrant, seized a handgun. McBride was not then placed under

---

1. McBride was acquitted of terroristic threats and a second count of recklessly endangering another person.

arrest, but the police, nevertheless, took the gun with them when they departed.

After McBride had been found guilty of aggravated assault and recklessly endangering another person, post-trial motions, although filed late, were entertained by the trial court and rejected on their merits. McBride was then sentenced to serve a term of imprisonment for not less than eleven and one-half (11½) months nor more than twenty-three (23) months. Thereafter, trial counsel was permitted to withdraw from the case, and new counsel was appointed to represent McBride and filed an appeal on his behalf. McBride argues that trial counsel was ineffective because he waived McBride's right to a preliminary hearing and failed to file timely post-trial motions. He also contends that trial counsel failed to file a timely motion to suppress the handgun which had been seized from McBride without a warrant.

In determining whether counsel's assistance has been constitutionally ineffective, we apply the following rule of law.

> Because the law presumes that counsel is effective, the burden of establishing ineffectiveness rests with appellant. *Commonwealth v. Floyd,* 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. McKendrick,* 356 Pa.Super. 64, 71, 514 A.2d 144, 148 (1986), *allo. denied,* 514 Pa. 629, 522 A.2d 558 (1987). To meet that burden, appellant must demonstrate that 1) the issue underlying his claim of ineffectiveness is of arguable merit; 2) the course chosen by counsel had no reasonable basis designed to serve his interests; and 3) he suffered prejudice as a result of counsel's ineffectiveness. *Commonwealth v. Pierce,* 515 Pa. 153, 158–160, 527 A.2d 973, 975–76 (1987); *Commonwealth v. Buehl,* 510 Pa. 363, 378–79, 508 A.2d 1167, 1174–75 (1986); *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604–5 & n. 8, 235 A.2d 349, 352–53 & n. 8 (1967).

*Commonwealth v. House,* 371 Pa.Super. 23, 28, 537 A.2d 361, 363 (1988).

■ Appellant's contention that trial counsel was ineffective because he waived the preliminary hearing is unsupported by an averment of specific prejudice. He contends only that his defense was hampered because he had not previously heard the Commonwealth's witnesses testify. This is too general to entitle appellant to relief. "Counsel will not be found ineffective in a vacuum, and we will not consider claims of ineffectiveness without some showing of a factual predicate upon which counsel's assistance may be evaluated." *Commonwealth v. Thomas,* 372 Pa.Super. 349, 364, 539 A.2d 829, 837 (1988). See also: *Commonwealth v. Silo,* 509 Pa. 406, 411, 502 A.2d 173, 176 (1985); *Commonwealth v. Pettus,* 492 Pa. 558, 563–564, 424 A.2d 1332, 1335 (1981). In the absence of a more specific allegation regarding the prejudice suffered by appellant due to the waiver of a preliminary hearing, we find no basis upon which to find trial counsel ineffective with respect thereto.

■ There also is no basis on which to find trial counsel ineffective because of the untimely post-trial motions. The trial court considered the untimely post-trial motions on their merits and did not treat the issues raised as having been waived. Because the trial court chose to consider the issues raised in untimely motions, moreover, the issues were not waived for purposes of appeal. See: *Kurtas v. Kurtas,* 521 Pa. 105, 555 A.2d 804 (1989); *Commonwealth v. Hewett,* 380 Pa.Super. 334, 337–338, 551 A.2d 1080, 1082 (1988). Thus, appellant has not been prejudiced in any way by the untimely filing of post-trial motions. See: *Commonwealth v. Markovitch,* 388 Pa.Super. 244, 248–249, 565 A.2d 468, 470 (1989).

■ There is arguable merit, however, in appellant's contention that trial counsel was ineffective because he failed to file a timely motion to suppress evidence.[2] As a general rule, an omnibus pre-trial motion, including a motion to suppress evidence, must be filed within thirty (30) days

---

2. Appellant also contends that the trial court erred when it refused to consider an untimely motion to suppress evidence, but we find no merit in this contention.

after arraignment. Pa.R.Crim.P. 307. In this case, a timely motion to suppress evidence was not filed; and when counsel sought leave of court to file a tardy motion, reciting "personal and professional matters" as a cause for the default, his motion was denied.

In support of appellant's contention that the handgun was subject to suppression, he avers that Beight and Haskins, without any warrant and without appellant's consent, entered his residence. In response to police questioning, appellant said that he owned a registered gun but that the gun pointed at Shaffer had been a water pistol. When the police insisted that they wanted to see appellant's "real" gun, he retrieved a gun from the second floor of his home. This gun, he avers, was grabbed from him and taken by Trooper Beight, who said that it would be used in the investigation. The removal of the gun, it is alleged, was contrary to appellant's protestations that it should not be removed. This gun, appellant contends, was illegally seized without a warrant and would have been subject to suppression if counsel had moved timely to suppress it.

"The Fourth Amendment to the Constitution of the United States 'protects people from unreasonable government intrusions into their legitimate expectations of privacy.'" *Commonwealth v. Shaw,* 476 Pa. 543, 550, 383 A.2d 496, 499 (1978), quoting *United States v. Chadwick,* 433 U.S. 1, 7, 97 S.Ct. 2476, 2481, 53 L.Ed.2d 538, 546 (1977). See: *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1976). See also: *Commonwealth v. Flewellen,* 475 Pa. 442, 446, 380 A.2d 1217, 1219 (1977); *Commonwealth v. Williams,* 380 Pa.Super. 227, 230, 551 A.2d 313, 314 (1988); *Commonwealth v. Rispo,* 338 Pa.Super. 225, 230, 487 A.2d 937, 939 (1985).

The Fourth Amendment safeguard against unreasonable searches and seizures is aimed at deterring, inter alia, physical entry into the home. *U.S. v. U.S. District Court,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972). Securing a warrant under the discernment of a detached and impartial issuing authority prevents the dangers of

unfettered intrusions into such sacrosanct environments. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

*Commonwealth v. Henkel*, 306 Pa.Super. 346, 352, 452 A.2d 759, 761 (1982). See also: *Commonwealth v. Rispo, supra.* Therefore,

> a search or seizure without a warrant is deemed unreasonable for constitutional purposes. *Coolidge v. New Hampshire*, 403 U.S. 443, 454, 91 S.Ct. 2022 [2031], 29 L.Ed.2d 564 (1971). The warrant requirement, however, is excused where exigent circumstances exist. *Id.* Exceptions arise where the need for prompt police action is imperative, either because evidence sought to be preserved is likely to be destroyed or secreted from investigation, or because the officer must protect himself from danger to his person by checking for concealed weapons.

*Commonwealth v. Holzer*, 480 Pa. 93, 102, 389 A.2d 101, 106 (1978) (footnote omitted). See also: *Commonwealth v. Chandler*, 505 Pa. 113, 477 A.2d 851 (1984); *Commonwealth v. Silo*, 480 Pa. 15, 389 A.2d 62 (1978), *cert. denied*, 439 U.S. 1132, 99 S.Ct. 1053, 59 L.Ed.2d 94 (1979); *Commonwealth v. Hinkson*, 315 Pa.Super. 23, 461 A.2d 616 (1983). Other exceptions to the warrant requirement arise in situations where a warrantless search or seizure by police "does not amount to a significant invasion of a defendant's reasonable expectations of privacy." *Commonwealth v. Holzer, supra.* Such exceptions include consensual searches, seizure of abandoned property and plain view searches. See: *Commonwealth v. Holzer, supra*, 480 Pa. at 102 n. 6, 389 A.2d at 106 n. 6; *Commonwealth v. Albrecht*, 510 Pa. 603, 613, 511 A.2d 764, 769 (1986), *cert. denied*, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987) (consent); *Commonwealth v. Pine*, 370 Pa.Super. 410, 419, 536 A.2d 811, 816 (1988) (plain view); *Commonwealth v. Vecchione*, 327 Pa.Super. 548, 557, 476 A.2d 403, 408 (1984) (abandoned property). A warrantless search also may be made pursuant to a lawful arrest. See: *Commonwealth v. Norris*, 498 Pa. 308, 315, 446 A.2d 246, 249 (1982); *Com-*

*monwealth v. Walker*, 348 Pa.Super. 207, 217, 501 A.2d 1143, 1148 (1985).

Generally, the courts have viewed a person's residence as an area which is given the greatest protection by the Fourth Amendment. In this regard, the Superior Court has said:

It is clear, however, that rules governing police action without a warrant will be narrowly interpreted in cases involving a person's home. In this regard, the United States Supreme Court has said:

The Fourth Amendment protects the individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home—a zone that finds its roots in clear and specific constitutional terms.... In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.

*Payton v. New York*, 445 U.S. 573, 589–590, 100 S.Ct. 1371, 1381, 63 L.Ed.2d 639, 653 (1980), quoted in *United States v. Velasquez*, 626 F.2d 314, 317 (3d Cir.1980).

*Commonwealth v. Conn*, 377 Pa.Super. 442, 446, 547 A.2d 768, 770 (1988). "Upon closing the door of one's home to the outside world, a person may legitimately expect the highest degree of privacy known to our society." *Commonwealth v. Flewellen, supra*, 475 Pa. at 446, 380 A.2d at 1220. Concerning the warrantless entry by police into a private home under circumstances similar to those alleged by appellant in the instant case, LaFave has commented:

It is not improper for a police officer to call at a particular house and seek admission for the purpose of investigating a complaint or conducting other official business. If admission is voluntarily granted by a person who is in a position to give such effective consent, then the policeman may enter and make observations while therein consistent with the scope of the permission he

was given. But the mere fact that the door of the house is opened in response to the officer's knock or ring does not mean that the officer is entitled to walk past the person so responding into the interior of the residence. Nor may the officer enter the home when there is no response at all.

1 W. LaFave, Search and Seizure, § 2.3(b), at 387 (1987) (footnotes omitted).

These principles make it clear that if the police, in fact, entered appellant's home without his consent and without a warrant, they violated rights guaranteed to appellant by the Fourth Amendment of the United States Constitution. If, as appellant contends, the police thereafter grabbed the handgun from his hand and removed it over objection, the seizure was illegal. It follows that there is arguable merit in appellant's contention that the gun was subject to suppression. It also appears, if appellant's averments are correct, that the right to suppression of the evidence was lost because of counsel's failure to act in a timely manner.

"When an arguable claim of ineffective assistance of counsel has been made, and there has been no evidentiary hearing in the [trial court] to permit the defendant to develop evidence on the record to support the claim, and to provide the Commonwealth an opportunity to rebut the claim, this Court will remand for such a hearing." *Commonwealth v. Petras*, 368 Pa.Super. 372, 377, 534 A.2d 483, 485 (1987). See also: *Commonwealth v. Copeland*, 381 Pa.Super. 382, 397, 554 A.2d 54, 61 (1988). In this case no evidentiary hearing has been held, for the alleged ineffective assistance of trial counsel is being raised for the first time on appeal by appellate counsel. Therefore, an evidentiary hearing is necessary. Such a hearing will provide appellant with an opportunity to prove that the gun would have been subject to suppression if his counsel had timely moved to suppress it. A hearing will also provide the Commonwealth with an opportunity to show, as it now avers, that the entrance to appellant's home was by invitation and the seizure of the gun with appellant's consent.

Therefore, the judgment of sentence will be vacated, and the case will be remanded for an evidentiary hearing on appellant's contention that trial counsel was ineffective when he failed to move in a timely manner to suppress evidence. If it is determined that trial counsel was ineffective and that appellant was prejudiced thereby, a new trial must be granted. If counsel was not ineffective, sentence may be reimposed.

■ If sentence is reimposed, the trial court must proceed as required by 42 Pa.C.S. § 9712. This statutory provision, in pertinent part, is as follows:

§ 9712. Sentences for offenses committed with firearms

(a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa. C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) Proof at sentencing.—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

**(c) Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

42 Pa.C.S. § 9712(a)-(c).

Prior to sentencing, the Commonwealth gave notice of its intention to proceed under this section. At the sentencing hearing, however, the trial court stated that a mandatory sentence would not be appropriate in this case because of appellant's epileptic condition and because of the strong likelihood that the handgun introduced into evidence at trial by the Commonwealth would have been suppressed had appellant's omnibus motion been timely filed. These reasons, as set forth by the trial court, do not justify the court's failure to proceed at sentencing pursuant to Section 9712. If that section is applicable, the court will be required to impose a mandatory minimum sentence of five years. See: *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *aff'd*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); *Commonwealth v. Molina*, 344 Pa.Super. 459, 496 A.2d 1196 (1985); *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985). It will not be able to avoid the mandate because of appellant's epilepsy or because of the non-suppression of the gun, if such is the case.

The judgment of sentence is vacated, and the case is remanded for an evidentiary hearing on appellant's claim that trial counsel was ineffective in failing to file a timely motion to suppress evidence. If counsel is found to have been ineffective and appellant was prejudiced thereby, a new trial must be granted. If counsel was not ineffective, sentence may be reimposed, in which event the trial court must proceed under 42 Pa.C.S. § 9712.