J-S08035-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAN CHARLES SANTUCCI, | : | |
| | : | |
| Appellant | : | No. 1126 WDA 2019 |

Appeal from the PCRA Order Entered July 22, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000854-2017

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    FILED MARCH 24, 2020

Evan Charles Santucci ("Santucci") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Santucci was represented by Stephen Miller, Esquire ("Attorney Miller"), who negotiated a plea agreement with the Commonwealth whereby Santucci agreed to waive his preliminary hearing, plead guilty to Receiving Stolen Property ("RSP"), a third-degree felony,[2] and testify against his co-defendant. In exchange, the Commonwealth agreed to withdraw all remaining charges, consent to unsecured bail, and not object to a defense request for the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3925(a).

imposition of the sentence concurrently with Santucci's pending sentence in Blair County.[3]  In accordance with the plea agreement, Santucci waived his preliminary hearing, and his bail was modified to unsecured.

On April 25, 2018, Santucci pled guilty to RSP, a third-degree felony. Sentencing was deferred until July 10, 2018, where Santucci was sentenced to 12 to 36 months in prison, to be served consecutively to his state parole revocation sentence.[4]  At the sentencing hearing, Attorney Miller did not mention or request a concurrent sentence.  Santucci filed a timely post-sentence Motion on July 20, 2018, requesting that the trial court modify his sentence in accordance with the Commonwealth's agreement to not object to concurrent sentences.  The trial court did not rule on the post-sentence Motion.

Santucci did not file a direct appeal and, instead, proceeded to file a pro se PCRA Petition on December 3, 2018.  Santucci alleged that Attorney Miller

_____

[3] Santucci had a separate, unrelated, case in Blair County, and the parties anticipated Santucci being sentenced in Blair County prior to being sentenced in the instant case.

[4] At the time of sentencing on the instant case, Santucci was serving a sentence on a parole revocation that was unrelated to either the instant case, or his pending Blair County sentence.

had improperly induced him to plead guilty.[5] Santucci was subsequently appointed counsel, Megan Will, Esquire ("Attorney Will"), who filed an Amended PCRA Petition. The PCRA court conducted an evidentiary hearing, after which it dismissed Santucci's PCRA Petition. Santucci filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Santucci raises the following question for our review:

_____

[5] In its Opinion, the PCRA court stated that the trial court had denied Santucci's post-sentence Motion. See PCRA Court Opinion, 11/22/19, at 3. However, the record is devoid of any such order, written or otherwise, and therefore we conclude that the trial court intended to deny Santucci's post-sentence Motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a) (providing "the judge shall decide the post-sentence motion ... within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days ... the motion shall be deemed denied by operation of law."); see also Pa.R.Crim.P. 720(B)(3)(c) (stating, "[w]hen a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order of behalf of the court."). However, no such order was entered by the clerk of courts.

We note that if the clerk of courts had properly denied Santucci's post-sentence Motion by operation of law, the denial should have been docketed on November 19, 2018. Thereafter, Santucci would have had until December 19, 2018, to file a direct appeal. Santucci filed his pro se PCRA Petition on December 3, 2018. Thus, Santucci's pro se PCRA Petition was filed before his judgment of sentence became final.

Nevertheless, we perceive no error in the PCRA court entertaining the Petition because Santucci never pursued a direct appeal. Cf. Commonwealth v. Leslie, 757 A.2d 984 (Pa. Super. 2000) (stating that the PCRA court should have dismissed petition without prejudice as premature given pendency of direct appeal). Additionally, none of Santucci's claims in his pro se PCRA Petition, nor his Amended PCRA Petition, request or require a direct appeal. Notably, Santucci's only claims allege ineffective assistance of counsel, a claim which may only be raised under the PCRA, and which we discuss infra. See 42 Pa.C.S.A. § 9543(a)(2)(ii).

Whether the [PCRA] [c]ourt erred in dismissing [Santucci]'s [A]mended [PCRA] [P]etition by finding [Santucci] did not prove his claim of ineffective assistance of counsel[?]

Brief for Appellant at 5.

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free from legal error." Commonwealth v. Weimer, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." Id. (citation omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal." Commonwealth v. Wholaver, 177 A.3d 136, 144 (Pa. 2018).

Santucci argues that Attorney Miller was ineffective because Attorney Miller failed to advise the trial court about the Commonwealth's agreement not to object to a defense request for concurrent sentences. See Brief for Appellant at 10-12, 14-15. Santucci contends that his sentence would have

been eligible to run concurrently with his pending sentence in Blair County. Id. at 14.

Here, Santucci fails to develop any of the prongs of an ineffectiveness claim. See Wholaver, supra. Moreover, as noted by the PCRA court in its Opinion, and conceded by Santucci in his brief, it was impossible for the trial court to run Santucci's sentence concurrently with the parole revocation sentence. See PCRA Court Opinion, 11/22/19, at 5; see also Commonwealth v. Kelley, 136 A.3d 1007, 1013-14 (Pa. Super. 2016) (stating that a sentence imposed concurrent with a parolee's backtime on the original state sentence is an illegal sentence); 61 Pa.C.S.A. § 6138(a)(5)(i) (providing that "[i]f a new sentence is imposed on the parolee, the service of the balance of the term originally imposed ... shall precede the commencement of the new term imposed."). Additionally, despite Santucci's argument that his Blair County sentence would have been eligible for a concurrent sentence, the trial court could not have granted him such a sentence as Blair County had not yet sentenced him. See Commonwealth v. Dorian, 460 A.2d 1121, 1122 (Pa. Super. 1983) (stating that the sentencing court has authority to order a sentence to run concurrently with a previously imposed sentence); see also Pa.R.Crim.P. 705(b) (providing that "when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively."). Because Santucci's claim lacks arguable merit, his ineffectiveness claim fails on this basis, as well. See Charleston, supra.

Santucci also argues, specifically, that by failing to file a pre-trial motion "alerting the [trial c]ourt to the proffered plea agreement," Attorney Miller rendered ineffective assistance of counsel. Brief for Appellant at 15. Santucci fails to adequately develop this claim as well. See Wholaver, supra. For the reasons stated above, Santucci's underlying claim lacks arguable merit. See Kelley, supra; see also Dorian, supra.

Santucci also, more generally, argues that Attorney Miller rendered ineffective assistance of counsel by failing to file any pre-trial motions. Brief for Appellant at 15. Santucci claims that Attorney Miller's failure to file "any pre-trial motions" has "prejudiced him greatly." Id.

However, Santucci fails to adequately develop this claim. See Wholaver, supra. In particular, Santucci does not identify the specific motions that Attorney Miller should have filed, nor does he explain how or why any pre-trial motions would have been meritorious. Therefore, in the absence of specific pre-trial motions that could have been filed, and any discussion regarding why Santucci believes that those motions would have been meritorious, we find no basis upon which to conclude that Attorney Miller was ineffective.

Finally, Santucci claims that Attorney Miller was ineffective in counseling him to waive his preliminary hearing. Brief for Appellant at 10-13. Specifically, Santucci claims he only "agreed to waive his preliminary ... hearing on the advice of Attorney Miller," where Attorney Miller was attempting to "foster goodwill with the Commonwealth." Id. at 13.

An attorney and his client may "waive[] the preliminary hearing in exchange for a quid pro quo benefit, such as a reduction in bail or withdrawal of charges...." Pa.R.Crim.P. 541(A)(1), Cmt. (emphasis added). Santucci fails to demonstrate that Attorney Miller lacked a reasonable basis to recommend waiving his preliminary hearing. See Commonwealth v. Sandusky, 203 A.3d 1033, 1085 (Pa. Super. 2019) (stating that waiving the preliminary hearing in order to avoid incarceration can constitute a reasonable basis). Moreover, Santucci fails to demonstrate how he was prejudiced by the waiver of his preliminary hearing. See id. (stating that a bald assertion that the hearing could have provided additional impeachment evidence is not enough to demonstrate prejudice); see also Commonwealth v. McBride, 570 A.2d 539, 540-41 (Pa. Super. 1990) (stating that an appellant fails to show that waiver of the preliminary hearing establishes specific prejudice where the appellant's only contention is that "his defense was hampered because he had not previously heard the Commonwealth's witnesses testify.").

It is clear from the record that Santucci actually benefited from the waiver of his preliminary hearing because the Commonwealth withdrew three other charges graded as either first-degree felonies or second-degree felonies, and Santucci's bail was modified to unsecured. See Pa.R.Crim.P. 541(A)(1), Cmt. Therefore, in the absence of more specific and developed averments of prejudice, we find no basis upon which to conclude that Attorney Miller was ineffective.

Based upon the foregoing, we conclude that the PCRA court did not abuse its discretion in dismissing Santucci's PCRA Petition.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2020