J-S38035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ROBERT MERK :
:
Appellant : No. 40 EDA 2022

Appeal from the PCRA Order Entered November 15, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0003616-2019.

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED JANUARY 24, 2023**

Robert Merk appeals from the order denying without a hearing his first timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The PCRA court set forth the facts of this case as follows:

> On Friday, December 28, 2018, [Merk] illegally entered a house on the 2100 block of Lardner Street. There[, Merk] saw the decedent, Robert Hicks, and stabbed him in the neck. Officers responded to the scene around 11:00 P.M. and found decedent suffering from a stab wound. Decedent was pronounced dead at the scene by medical personnel. On December 29, 2018, [Merk] was arrested and charged with [murder, criminal trespass, and possessing instruments of crime.[1]]
>
> On May 21, 2019, [Merk] waived his rights to a preliminary hearing. On June 7, 2019[, Merk's] case was assigned to The Honorable Lillian Ransom. On December 18, 2019, [Merk] entered a negotiated guilty plea [to murder of the third degree,

---

[1] 18 Pa.C.S.A. §§ 2502, 3503(a)(1)(i), and 907(a), respectively.

18 Pa.C.S.A. § 2502(c), and possessing instruments of crime, 18 Pa.C.S.A. § 907(a)]. A Pre-Sentence [Investigation] and Mental Health report were ordered, and sentencing was deferred until February 26, 2020.

On February 26, 2020, Judge Ransom[] imposed the negotiated sentence[, an aggregate of 19 to 40 years of imprisonment to run concurrently with the sentence at another docket. Merk] filed a timely PCRA petition on February 4, 2021 and an amended petition on March 10, 2021. [Merk's first] PCRA attorney filed a Finley[2] letter on September 22, 2021. [The PCRA court entered notices of intent to dismiss Merk's petition without a hearing on September 27 and October 12 and 14, 2021. **See** Pa.R.Crim.P. 907.] The order dismissing the PCRA petition was filed on November 15, 2021. [Merk] filed a Notice of Appeal to the Superior Court on December 9, 2021. Gina A. Amoriello, Esq. became [Merk's] new PCRA attorney and filed a Statement Of Matters Complained About On Appeal on June 11, 2021.

PCRA Court Opinion, 6/30/22, at 1–2.

Merk raises one issue for review[3]:

Did the [PCRA] court err in dismissing this timely PCRA petition without a hearing when [Merk] established a prima facie case of ineffective assistance of counsel by alleging the following:

(a)    rendering a promise of a plea bargain carrying lesser time if the preliminary hearing was waived;

(b)    never providing discovery to [Merk];

(c)    never visiting [Merk] in custody;

(d)    blocking and/or not accepting [Merk's] telephone calls,

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court opinion phrases Merk's issue differently, omitting his claim that the PCRA court erred by dismissing his petition without a hearing. PCRA Court Opinion, 6/30/22, at 2–3. (Merk's Rule 1925(b) statement and brief both articulate his issue as reproduced in this memorandum. This discrepancy has no impact on our review.

all of which would render the guilty plea to be not knowingly, intelligently nor voluntarily entered?

Merk's Brief at 4 (capitalization omitted, formatting altered).

This Court's standard of review for an order dismissing a PCRA petition calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error. The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing ***Commonwealth v. Barndt***, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. [***See*** Pa.R.Crim.P. 909(B)(2).] To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations omitted). Regarding a claim that counsel was ineffective:

> It is well-established that to succeed on a claim asserting the ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. ***Commonwealth v. Brown***, 196 A.3d 130, 150–51 (Pa. 2018).

*Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation formatting altered).

With respect to claims that plea counsel was ineffective:

Ineffective assistance of counsel claims arising from the plea-bargaining process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (*en banc*)[.]

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012–13 (Pa. Super. 2016) (some citations omitted). Notably, a PCRA petitioner cannot assert grounds for withdrawing a guilty plea that contradict his statements made under oath in a guilty plea colloquy. *Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) (citing *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa. Super. 2007)).

Here, Merk argues that his *pro se* amended petition established a *prima facie* case that his plea counsel was ineffective. Merk's Brief at 8–9.

Therefore, he concludes the PCRA court should not have dismissed his petition without an evidentiary hearing. *Id.* Merk suggests in one sentence that his first PCRA counsel should have investigated and obtained documents in support of Merk's allegations rather than file a no-merit letter. *Id.* at 8.

The Commonwealth counters that because Merk has not made an offer of proof as to how his plea counsel was ineffective, the PCRA court properly denied his petition. Commonwealth's Brief at 5–6. It reasons that Merk's oral and written statements when he pled guilty contradict his post-conviction claims. *Id.* at 7–8. The Commonwealth adds that Merk's claim about his first PCRA counsel's ineffectiveness is not sufficiently developed to warrant relief. *Id.* at 9–11.

The PCRA court, in addressing Merk's underlying ineffectiveness claims, first concluded that Merk provided no evidence to support that his plea counsel had promised any lesser sentence. PCRA Court Opinion, 6/30/22, at 4–5. It further determined that Merk's remaining claims were refuted by Merk's statement when he entered his guilty plea that he was satisfied with his lawyer. *Id.* at 5.

We conclude that Merk's *pro se* PCRA petitions did not raise any genuine issues of material fact that, if established, would have entitled him to relief. Therefore, the PCRA court did not err in denying Merk's petitions without a hearing.

Merk's first allegation was that his plea counsel initially promised an agreement for a 12½-to-25-year sentence if Merk waived his preliminary

hearing, but after he waived it, counsel said the offer was 19 to 40 years. *Pro se* petition, 2/4/21.[4]  Merk stated that he would not have waived his preliminary hearing "if that deal was never on the table."  **Id.**  He does not provide how this alleged ineffectiveness prejudiced him.  Even accepting that Merk would not have waived his preliminary hearing if his prior counsel had told him only about the longer offer, Merk does not state how this could have resulted in a different outcome.  When he entered his guilty plea, Merk acknowledged the potential maximum sentence as well as the 19-to-40-year agreement.  Written Guilty Plea Colloquy, 12/18/19, at 1; N.T., 12/18/19, at 7,[5] 12.  Because Merk understood the ultimate agreement, counsel's prior statements do not render his plea involuntary or unknowing.  **Kelley**, **supra**; **see Commonwealth v. McBride**, 570 A.2d 539, 540–41 (Pa. Super. 1990) (rejecting a claim of ineffectiveness for waiving a preliminary hearing because the petitioner showed no prejudice).  Therefore, there is no genuine issue of material fact with respect to this claim.

Nor do Merk's remaining claims raise a genuine issue of material fact.  Merk alleged in his amended petition that his prior counsel never provided

---

[4] Merk's initial PCRA "petition" consists of a one-page hand-printed document in which he states that, after waiving the preliminary hearing, the Commonwealth's offer was "20 to 40" years.  It is clear from the record, however, that Merk was referring to the actual negotiated sentence he received of 19 to 40 years of incarceration.

[5] After the plea court initially misstated that the agreement was "no more … than 19, no more than 40 years," N.T., 12/18/19, at 7, it later gave the correct agreement, **id.** at 12.  The written colloquy also provides the correct terms.

discovery to him, never visited him in jail, and blocked all telephone contact with him, **see** *Pro se* amended petition, 3/10/21, at 2.[6]  However, these allegations contradict Merk's statements during his guilty plea colloquy that he fully discussed his case with his attorney and was satisfied with his representation until then.  N.T., 12/18/19, at 13; Written guilty plea colloquy, 12/18/19, at 3.  Because Merk testified during his guilty plea that he had the opportunity to discuss his case fully with his attorney, and was satisfied with the job he did, he cannot now claim otherwise.  **Willis**, **supra**.  Because he would not be able to withdraw his plea on these bases, Merk has not raised a genuine issue of material fact to establish that plea counsel was ineffective. Therefore, the PCRA court did not err in dismissing Merk's petition without a hearing

We also address Merk's suggestion that his first PCRA counsel should have investigated and obtained documents instead of filing a no-merit letter. To enforce the right to effective PCRA counsel, our Supreme Court has instructed that a PCRA petitioner may "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021).  To warrant relief on *this* claim, Merk "must provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness.  That is, he must establish that there are

---

[6] It is not clear where present counsel found that Merk complained that he did not receive discovery.  Regardless, as described above, a lack of discovery is not a genuine issue of material fact because Merk has not stated how it would render his plea involuntary or unknowing.

issues of material facts concerning claims challenging counsel's stewardship and that relief may be available." **Parrish**, 273 A.3d at 1006 (citing **Bradley**, 261 A.3d at 402). To prevail on a layered ineffectiveness claim, this means establishing each prong—arguable merit, lack of reasonable basis, and prejudice—for both his plea counsel and his first PCRA counsel. **Id.** at 1003 n.11 (citing **Commonwealth v. McGill**, 832 A.2d 1014, 1022–23 (Pa. 2003)).

Merk has failed to establish issues of material fact that would entitle him to withdraw his plea if proven. As noted above, Merk is unable to show that his plea counsel's stewardship prejudiced him. Because Merk's plea counsel was not ineffective, there is no arguable merit to a challenge to the actions of his first PCRA counsel. **Id.** at 1023 ("If the petitioner does not satisfy [that his first counsel was ineffective], the layered ineffectiveness claim (as to [PCRA counsel's] ineffectiveness . . . necessarily fails, and relief must be denied."). Therefore, there is no need for us to remand for the PCRA court to assess Merk's first PCRA counsel's stewardship.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2023