Commonwealth ex rel. Backus, Appellant, *v.* Burke.

Submitted October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Alphonso Backus,* appellant, in propria persona.

*Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

PER CURIAM, November 11, 1953:

The question which relator attempts to raise in this habeas corpus proceeding has been previously decided in a number of cases which have ruled that, where the manner and the order of service of sentence have been provided by law, the intention of the sentencing judge is immaterial. *Toliver v. State Board of Parole,* 157 Pa. Superior Ct. 218, 42 A. 2d 285; *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 70 A. 2d 663; *Com. ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 554, 91 A. 2d 385; *Com. ex rel. Kunkle v. Claudy,* 171 Pa. Superior Ct. 557, 91 A. 2d 382; *Com. ex rel. Geisler v. Claudy,* 172 Pa. Superior Ct. 281, 93 A. 2d 873.

Relator was tried and convicted on a bill of indictment in the Court of Oyer and Terminer of Philadelphia County, No. 57, June Sessions, 1943, charging robbery. On June 11, 1943, he was sentenced to a term of not less than five years nor more than ten years in the Eastern State Penitentiary. On April 6, 1949, relator was paroled. He was subsequently arrested and

charged with armed robbery on bill of indictment No. 81, December Sessions, 1949. Having been tried and found guilty on the latter charge, he was sentenced on January 27, 1950, to a term of not less than two and one-half years nor more than five years in the Eastern State Penitentiary, the sentence "to run concurrently with violated parole on bill No. 57, June Sessions, 1943." In *Com. ex rel. McDevitt v. Burke,* supra, 166 Pa. Superior Ct. 194, 197, 70 A. 2d 663, 665, we said: ". . . that where a convict is legally sentenced for a crime committed during his parole to the penitentiary from which he has been released on parole the unexpired portion of his original sentence is to be served before he commences to serve the sentence imposed for the crime committed while on parole." See section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305. See, also, section 5 of the Act of August 24, 1951, P. L. 1401, 61 PS §331.21a. That portion of the sentence imposed on bill No. 81, December Sessions, 1949, providing that the sentence was to run concurrently with the back parole time on the previous commitment was ineffective and illegal. The law required relator to serve the unexpired portion of his original sentence before he commenced to serve the sentence imposed for the crime committed while on parole, notwithstanding the language used by the trial court. *Com. ex rel. Kunkle v. Claudy,* supra, 171 Pa. Superior Ct. 557, 561, 91 A. 2d 382.

Answers were filed to relator's petition and a hearing was held at which relator was present. The Court of Common Pleas No. 6 of Philadelphia County properly refused the writ and dismissed the petition.

Order is affirmed.