252 A.2d 140 (1969)
In re Roger A. NAULT.
No. 664-M. P.
Supreme Court of Rhode Island.
February 28, 1969.
Frank O. Lind, Jr., Woonsocket, for conservator Rene Nault.

ORDER
It appears from the records of the probate court of the city of Woonsocket that on February 13, 1968, Rene Nault of Blackstone, Massachusetts, was appointed and qualified as conservator in the estate or Roger A. Nault, a practicing member of the bar of this state.
The conservatorship was apparently granted on the grounds stated in a petition before the probate court the Roger A. Nault is "a person incapacitated by reason of Mental Illness to properly care for his property." Before the court at the time it considered the above petition was a letter addressed to the probate court by Dr. A. L. Nielsen, Clinical Director of the Fuller Memorial Sanitarium, South Attleboro, Massachusetts, as follows:
"This is to certify that Attorney Roger A. Nault of Woonsocket is now confined at the Fuller Memorial Sanitarium for a nervous and mental condition. It is our opinion that he is incompetent at present in his ability to manage his property and business affairs in a rational manner, and it is our opinion that the Court should take some action to protect his interests and those of his clients."
On January 2, 1969 this court in a notice given the conservator set forth the foregoing facts and then stated: "It is the opinion of this court that Roger A. Nault is not a suitable person to continue to be licensed to practice law within this state and that the right of said Roger A. Nault to practice law in the state of Rhode Island should be suspended until such disability is removed."
The conservator was afforded the opportunity to appear before this court either personally or with counsel and to show cause or to inform the court of any mitigating circumstances why such a suspension should not be made. In its notice the court pointed out that the proposed suspension was not to be considered a disciplinary action.
As a result of the aforementioned notice, an attorney representing the conservator appeared before this court in chambers and stated that the facts as presented were a matter of public record and that the conservator had no objection to the proposed suspension of Roger A. Nault.
Based on the records before us, namely, the appointment of a conservator of the estate of a practicing member of the bar of this state, we believe this court is required to take appropriate action which shall afford protection to the public
It is the decision of this court that Roger A. Nault shall be and hereby is suspended from engraging in the practice of law in this state beginning as of this date and until further order of this court, provided, however, that upon a satisfactory showing that the disability that required the appointment of the conservator has been removed, he may petition this court for reinstatement.