Jerry E. Gray, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice, Bureau of Correction et al., and D. E. Knoll, Records Office for Bureau of Correction of the State Correctional Institution at Graterford, Pennsylvania, Respondents.

Submitted on briefs, November 14, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Jerry E. Gray, Jr.,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, December 29, 1977:

Jerry E. Gray (petitioner) has filed a complaint in mandamus against the Pennsylvania Board of Probation and Parole (Board) alleging that the Board unlawfully recomputed his prison sentence. The Board has filed a preliminary objection in the nature of a demurrer.

A demurrer admits every well pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences deducible therefrom but not conclusions of law. *Buchanan v. Brentwood Federal Savings and Loan Ass'n.,* 457 Pa. 135, 139, 320 A.2d 117, 120 (1974). The petitioner's complaint alleges that he was sentenced on May 20, 1974 (original sentence) to a term of 1 to 6 years with a minimum termination date of August 23, 1975 and a maximum termination date of February 23, 1978 and that he was released on parole on the minimum termination date. While on parole, he was arrested and convicted of a new offense for which he was sentenced on May 25, 1976 to a term of 1½ to 6 years in a state correctional institution. Upon his return to prison and following a hearing before the Board, he was recommitted as a convicted parole violator under the original sentence. After another hearing before the Board on March 14,

1977, he was paroled from his original sentence and then began serving his new sentence of 1½ to 6 years.

The petitioner argues that, because the Judge who sentenced him on May 25, 1976 did not indicate otherwise, the prison authorities were required by Pa. R. Crim. P. No. 1406 to record his new sentence as running concurrently with his original sentence because Pa. R. Crim. P. No. 1406 provides in pertinent part:

> (a) Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is incarcerated for another offense, such sentences shall be deemed to run concurrently unless the judge states otherwise.

We must note, however, that the Judge in the circumstances of this case had no authority to impose other than consecutive sentences for Section 21.1(a) of the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a), requires that where, as here, a parolee is convicted and sentenced to imprisonment for a crime committed while on parole and is recommitted by the Board as a parole violator, the remainder of his original sentence and the subsequent new sentence must be served consecutively. *See Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 271, 370 A.2d 813, 814-15 (1977). Because the Board here properly followed the requirements of the Act in computing the petitioner's sentences to run consecutively, the preliminary objection of the Board must be and is sustained.

ORDER

AND Now, this 29th day of December, 1977, the preliminary objection of the Pennsylvania Board of

Probation and Parole in the nature of a demurrer is hereby sustained and the complaint herein is hereby dismissed.