421 A.2d 767

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Francis BORRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Aug. 15, 1980.

Petition for Allowance of Appeal Denied Dec. 18, 1980.

Daniel G. Reilly, Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Fayette County. For reasons discussed herein we strike the sentences entered below and grant appellant's petition to withdraw his guilty pleas.

On April 28, 1975 appellant was arrested and indicted on charges arising out of the infamous "Connellsville Police Cases".

After the lower court denied motions for a change of venue and to dismiss, appellant filed appeals with this Court. We (per Hoffman, J.) discharged appellant holding that the Commonwealth failed to bring him to trial within the period mandated by Pa.R.Cr.P. 1100. See *Commonwealth v. Borris*, 247 Pa.Super. 273, 372 A.2d 458 (1977).

Thereupon, the Commonwealth petitioned for allocatur. On August 8, 1977 by an unusual procedure, the Supreme Court via an order entered on the allocatur docket,[1] reversed

---

1. The order appears as follows at 1339 Allocatur Docket:
   PER CURIAM:
   AND NOW, this 8 day of August, 1977, the petition for allowance of appeal is granted, and the order of the Superior Court is reversed. In its original deliberations, the court based its decision on the alleged untimeliness of the Commonwealth's second petition for extension of time. This matter, however, was not raised by appellants (respondents herein) in either the Superior Court or the trial court. See *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975).

Judge Hoffman's decision and remanded the case to the Superior Court.

On remand, we affirmed per curiam, *Commonwealth v. Joseph Borris*, 247 Pa.Super. 273, 384 A.2d 983 (1978).

Thereafter, appellant petitioned for allocatur. However, before the allocatur petition was acted upon, appellant appeared before the lower court and entered pleas of guilty as to all cases against him; these cases being the same as are now awaiting disposition before the Supreme Court (on the issue of 1100 and venue). Approximately two months later appellant petitioned the lower court to withdraw his pleas of guilty, which petition was denied and subsequently sentence was imposed.

Appellant now contends that the lower court erred in refusing to allow him to withdraw his pleas of guilty.

We agree. However, we believe that the lower court had no authority to accept the guilty pleas in the first instance.

Although the case had not yet gone to trial, the disposition of pre–trial motions (concerning venue and 1100) was on appeal. Rule 1701(a) Pa.R.Ap.P. provides:

(a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter.

Thus we believe the lower court had no authority to act on the case in a substantive manner.

In *Corace v. Balint*, 418 Pa. 262, 210 A.2d 882 (1965) where the lower court entered orders pertaining to a case which had been appealed, the court stated:

"The law is clear that since these orders were entered in actions that were on appeal the orders were improper and can have no determinative effect upon the appeals." Id., 418 Pa. at 275, 210 A.2d at 889. See also, note to Rule 1701.

The case is thus remanded to Superior Court for consideration of the issues properly preserved for appellate review.

BY THE COURT

Per Curiam

Once the notice of appeal was filed in this case, the lower court could no longer proceed further in the matter.

Thus we are constrained to reverse the sentences imposed below and grant appellant's petition to withdraw his pleas of guilty.