460 A.2d 1121

**COMMONWEALTH of Pennsylvania**

v.

**Sheldon DORIAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 17, 1982.

Filed April 29, 1983.

Reargument Denied July 5, 1983.

Petition for Allowance of Appeal Granted Dec. 27, 1983.

246

Russell J. Heiple, Johnstown, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from judgment of sentence for burglary. Appellant argues that the lower court (1) lacked jurisdiction to accept his guilty plea; (2) erred in refusing to allow him to withdraw his guilty plea; (3) imposed an illegal and excessive sentence; and (4) denied him effective assistance of counsel. We affirm.

Appellant was arrested on March 17, 1980, and charged with criminal attempt,[1] criminal mischief,[2] and burglary.[3]

1. 18 C.P.S.A. Section 901.

2. 18 C.P.S.A. Section 3304.

3. 18 C.P.S.A. Section 3502.

He pleaded guilty to burglary and the Commonwealth moved to have the remaining charges nol prossed because they merged with the burglary. N.T. 5/6/80 at 1. On March 9, 1981, the lower court sentenced appellant to six to twelve years in prison, the sentence to be served concurrently with another sentence that had been earlier imposed and that appellant was serving. Motions to modify or vacate the sentence were denied, and this appeal followed.

–1–

■ Appellant first argues that the lower court lacked jurisdiction to accept his guilty plea because when his plea was accepted, "pre-trial motions" were pending. Although it is true that appellant did complain during the course of his guilty plea hearing that he had not been allowed to be present at his arraignment or at a pre-trial conference, N.T. 5/6/80 at 10, these complaints did not rise to the level of pre-trial motions. Even if they had, they would not have deprived the lower court of jurisdiction. Appellant's reliance on *Commonwealth v. Borris*, 280 Pa.Super. 369, 421 A.2d 767 (1980), is misplaced. In *Borris* the lower court accepted a guilty plea during the pendency of an *appeal* concerning pre-trial motions. Except in certain limited instances, an appeal does oust the lower court's jurisdiction. Pa.R.A.P. 1701(a).

■ Appellant's argument is in any event foreclosed by his guilty plea. Before accepting his plea, the lower court advised appellant that by pleading, he would waive his right to argue that he should have been allowed to be present at his arraignment and at the pre-trial conference, and appellant responded that he understood that but was going to plead guilty anyway. N.T. 5/6/80 at 10–16. *See also Commonwealth v. Arndt*, 269 Pa.Super. 578, 410 A.2d 852 (1979) (defendant who pleads guilty waives right to challenge anything but legality of sentence and voluntariness of plea).

–2–

■ Appellant next argues that the lower court abused its discretion in denying his pre-sentence motion to with-

draw his guilty plea. It is true, as appellant argues, that requests to withdraw guilty pleas prior to sentencing "are to be liberally allowed [ ] for any 'fair and just' reason unless the prosecution has suffered substantial prejudice." *Commonwealth v. Hayes*, 462 Pa. 291, 300, 341 A.2d 85, 90 (1975). *See also Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). It is also true that in *Commonwealth v. Boofer*, 248 Pa.Super. 431, 375 A.2d 173 (1977), cited by appellant, this court held that a critical consideration in the decision whether to allow withdrawal of a guilty plea is the presence or lack of prejudice to the Commonwealth. But appellant fails to note that in *Boofer* the defendant asserted his innocence and that we found that to be a "fair and just reason" for permitting him to withdraw his guilty plea. Here, by contrast, appellant not only did not assert his innocence, but his guilty plea colloquy is replete with unequivocal admissions of guilt. We have not overlooked the fact that at the hearing on appellant's motion to withdraw his guilty plea, N.T. 2/9/81 at 9–11, appellant testified that upon further reflection, and after discussion of his case with fellow inmates, he thought he had a "possible defense" to the burglary charge. The suggested defense was that his statement to the police might have been inadmissible because he "was on drugs and ... under extreme pain" when he gave the statement, N.T. 9; that tools found on the roof "were in no way connected with" him, N.T. 10; and that "there is a possibility just based upon the fact that I have been in prison as much as I have that an insanity defense might be entered in this case also," N.T. 11. This testimony does not amount to an assertion of innocence. Since appellant has offered no "fair or just" reason why he should have been permitted to withdraw his guilty plea, we find no error in the lower court's refusal to permit him to withdraw it.

–3–

Appellant next argues that his sentence was illegal because the lower court directed that it should be served

concurrently with an earlier sentence imposed on appellant. Appellant had been released on parole on this earlier sentence, but because of the burglary we are considering here, parole was revoked, and when appellant was sentenced on the burglary, he had resumed serving his earlier sentence in prison. *See* N.T. 3/9/81 at 30, 32–33, 36, 42. According to appellant, 61 P.S. 331.21(a)[4] forbids the lower court from directing that his sentence for burglary be served concurrently with his earlier sentence. This argument lacks merit. Section 9761 of the Sentencing Code specifically recognizes the sentencing judge's authority to impose a sentence "which is to run concurrently with a [sentence] which has

**4.    § 331.21a    Commission of crime during parole; other violations of terms of parole**

(a) Convicted Violators.    Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and it does not appear that the interests of the Commonwealth will be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 P.S. § 331.21a(a).

250

been previously imposed."[5] To the extent that 61 P.S. 331.21a(a) is inconsistent with Section 9761, it has therefore been repealed.[6]

Cases construing 61 P.S. 331.21a(a) have held that "a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order." *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976). *See also Commonwealth v. Draper*, 222 Pa.Super. 26, 29, 293 A.2d 614, 615 (1972) ("When a parolee is convicted and sentenced to imprisonment for a crime committed while on parole, the new sentence and the remainder of the old sentence must be served consecutively, and the sentencing judge has no authority to order that the sentence be concurrent."); *Commonwealth ex rel. Sanders v. Maroney*, 202 Pa.Super. 202, 204, 195 A.2d 882, 883 (1963) ("The intention of sentencing judge is immaterial."). But these cases were either decided before the Sentencing Code, *see Draper* and *Sanders*, or, while filed after the Code's effective date,[7] applied the law as it was in effect at the time the sentence was imposed, *see Zuber*. Thus in *Zuber* the Supreme Court noted that "[t]he Commonwealth concedes in its brief to this court 'that under the law of Pennsylvania *in effect at the time appellant was sentenced*, neither a court nor the Parole Board had the power to order that a 'back time' and a 'front time' sentence be served concurrently.'" 466 Pa. at 457, 353

**5.** **§ 9761. Computation and order of service of sentences**

(a) **Order of service of sentences.**—If *a minimum sentence imposed by the court which is to run concurrently with one which has been previously imposed* would expire later than the minimum of such a previously imposed sentence, or if the previously imposed sentence is terminated before the expiration of the minimum sentence of the last imposed sentence, the defendant shall be imprisoned at least until the last imposed minimum sentence has been served.

42 Pa.C.S.A. § 9761 (emphasis added).

**6.** The note to 42 Pa.C.S.A. 9701 states that "Section 2(b) of Acts 1974, Dec. 30, P.L. 1052, No. 345 provides that: 'All acts and parts of acts are repealed in so far as they are inconsistent herewith.'"

**7.** 42 Pa.C.S.A. 9701 *et seq.* (the "Sentencing Code") was enacted on December 30, 1974, and became effective 90 days thereafter.

A.2d at 443 (emphasis added). By this statement the Court recognized that Section 9761 of the Sentencing Code had changed the law by enabling the sentencing judge to direct that his sentence—the "front time" sentence—"is to run concurrently with one which has been previously imposed" —the "back time" sentence.[8]

■ Appellant also argues that his sentence is excessive, but this argument also lacks merit. When before the lower court he argued that the sentence was excessive because, he claimed, the Board of Parole would not release him at the end of the six year minimum term (which would be reached at about the time of the expiration of his earlier imposed sentence). It is always possible that the Board will not release a prisoner at the end of his minimum term, but that possibility does not render the sentence excessive; if it did, every sentence would be excessive. Appellant advances other reasons why his sentence is excessive but we see no reason to discuss them. The lower court ordered a presentence investigation. At the sentencing proceeding the report of the investigation was reviewed, and appellant and his counsel were permitted to make full argument. Appellant makes no claim that the lower court has not complied with *Commonwealth v. Riggins*, 474 Pa. 115, 377

8. This change in law appears not always to have been recognized. In *Commonwealth v. Boykin*, 270 Pa.Super. 592, 411 A.2d 1244 (1979), the lower court's opinion stated that 61 P.S. 331.21(a) "unequivocally forbids" concurrent sentences. *Id.*, 270 Pa.Super. at 596, 411 A.2d at 1245 (quoting lower court opinion). Since the case went off on another point, we did not comment on this statement. The Commonwealth Court has also sometimes cited and applied 61 P.S. 331.21(a) without recognizing the impact of the Sentencing Code. *See e.g., Rodrigues v. Pa. Bd. of Probation and Parole*, 44 Pa.Cmwlth. 68, 403 A.2d 184 (1979) (sentencing judge has no authority to sentence concurrently); *Richmond v. Commonwealth of Pennsylvania*, 43 Pa. Cmwlth. 603, 402 A.2d 1134 (1979) (parolee "cannot avoid service of his remaining back time simply because the running of the minimum on the new sentence coincides with the Board's implementation of its revocation decision"); *Jones v. Pa. Bd. of Probation and Parole*, 43 Pa.Cmwlth. 169, 401 A.2d 1247 (1979) ("convicted parole violator shall serve the balance of the original term and the new term consecutively"); *Gray v. Bureau of Corrections*, 33 Pa.Cmwlth. 95, 380 A.2d 1330 (1977) (judge has no authority to impose other than consecutive sentence).

A.2d 140 (1977), and we find no manifest abuse of discretion in the court's selection of sentence. In fact the sentence is comparatively lenient, given that it is to be served concurrently with appellant's earlier sentence.

–4–

Finally, appellant argues that county officials and the lower court denied him effective assistance of counsel in preparing, filing, and arguing a pre-sentence motion to withdraw his guilty plea. We are unable to find any support for his argument, either in the record or in appellant's brief.

Affirmed.

JOHNSON, J., files a concurring and dissenting opinion.

JOHNSON, Judge, concurring and dissenting:

I join parts 1 and 4 of the majority opinion, finding that the trial court did not lack jurisdiction to accept appellant's guilty plea, and finding no support for appellant's argument concerning ineffective assistance of counsel. I also concur in the result reached by the majority in Part 2 as to the denial of the pre-sentence motion to withdraw guilty plea. As to the issue relating to the illegality of appellant's sentence, I am compelled to register my dissent.

With respect to the illegality of appellant's sentence, the majority holds as follows:

> According to appellant, 61 P.S. 331.21(a) forbids the lower court from directing that his sentence for burglary be served concurrently with his earlier sentence. This argument lacks merit. Section 9761 of the Sentencing Code specifically recognizes the sentencing judge's authority to impose a sentence "which is to run concurrently with a [sentence] which has been previously imposed." To the extent that 61 P.S. 331.21(a) is inconsistent with Section 9761, it has therefore been repealed.[6]

[6] The note to 42 Pa.C.S.A. 9701 states that "Section 2(b) of Acts 1974, Dec. 30, P.L. 1052, No. 345 provides that: 'All acts and parts of acts are repealed in so far as they are inconsistent herewith.'"

At 249–250 (footnotes 4 and 5 omitted). I cannot agree with the majority. I recognize that the clause repealing acts inconsistent with the Sentencing Code would operate as an express repeal of prior legislation that is inconsistent with its provisions. However, I find no inconsistency between Section 9761(a) and 61 P.S. § 331.21a that would warrant the application of the repeal clause. A comparison of these two provisions will illustrate my position.

I begin by considering Section 331.21a(a), which specifically addresses the order of sentences to be served by a defendant sentenced to imprisonment for a crime committed while on parole. In pertinent part, it reads as follows:

### § 331.21a  Commission of crime during parole; other violations of terms of parole

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole ..., commits any crime punishable by imprisonment, ... to which he pleads guilty ... at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled,

. . . .

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

.    .    .    .    .

61 P.S. § 331.21a(a). Through this provision the General Assembly enacted into law a mandatory order for the service of the sentences of a defendant/parole violator. It has been consistently held that the General Assembly, by mandating the order of service of sentences, clearly intends that a defendant/parole violator must serve his sentences consecutively, *see e.g. Commonwealth ex rel. Haun v. Cavell*, 190 Pa.Super. 346, 154 A.2d 257 (1959); *Commonwealth ex rel. Salerno v. Banmiller*, 189 Pa.Super. 156, 149 A.2d 501 (1959); *Commonwealth ex rel. Dion v. Martin*, 183 Pa.Super. 310, 131 A.2d 150 (1957); *Commonwealth ex rel. Backus v. Burke*, 174 Pa.Super. 83, 99 A.2d 910 (1953), notwithstanding the contrary intentions of a sentencing judge. *Commonwealth ex rel. Sanders v. Maroney*, 202 Pa.Super. 202, 195 A.2d 882 (1963). Recent case law, some of which is cited in the majority opinion, slip op. at 9 n. 8, has followed this rule without question. *E.g. Young v. Commonwealth Board of Probation and Parole*, 29 Pa. Cmwlth. 268, 370 A.2d 813 (1977); *Commonwealth v. Draper*, 222 Pa.Super. 26, 293 A.2d 614 (1972).

In comparison, when Section 9761(a) is closely examined it is apparent that it addresses an entirely different matter than does Section 331.21a(a). In pertinent part, Section 9761(a) reads as follows:

**§ 9761. Computation and order of service of sentences**

(a) Order of service of sentences.—If a minimum sentence imposed by the court which is to run concurrently with one which has been previously imposed would expire later than the minimum of such a previously imposed sentence..., the defendant shall be imprisoned at least until the last imposed minimum sentence has been served.

42 Pa.C.S.A. § 9761(a) (Clause omitted). The manifest intent of this portion of the provision is to mandate only that a defendant who has received concurrent terms of imprison-

ment shall serve the last of the minimum sentences imposed upon him if it will expire later than prior ones.

Section 9761(a)'s language does not refer to any particular context. Thus, it cannot be said that it was specifically intended to apply to parole violation situations. It does not state directly that a sentencing judge may direct that his sentence may run concurrently with any previously imposed sentence. It merely describes the occurrence to indicate the context in which it applies. I do not regard this descriptive language as a legislative recognition of a sentencing judge's unbridled authority to direct that his sentence may run concurrently with any previously imposed sentence irrespective of statutory law to the contrary. As I read Section 9761(a), it merely specifies one particular consequence of concurrent sentences without purporting to address whether the separate sentences of imprisonment may legally be served concurrently or consecutively. To answer that question one must look beyond Section 9761(a).

Upon comparing both provisions, I find that the legislative directive of each provision to be entirely different from one another. Section 331.21a has been interpreted to require consecutive sentences for a defendant/parole violator because it mandates the order in which he must serve both the sentence from which he has been paroled and any new sentences he may receive. In contrast, Section 9761(a)'s thrust is the service of minimum sentences when concurrent sentences have been imposed. For a true inconsistency with Section 9761(a) to exist, another act must dictate that a defendant serving legal concurrent sentences does not have to serve the entire length of the minimum sentence last imposed when it is longer than previously imposed minimum sentences. That clearly is not the mandate of Section 331.21a(a). I find no conflict between Section 9761(a) of the Sentencing Code and Section 331.21a(a).

It has long been held that a clause repealing inconsistent acts is an explicit recognition by the General Assembly that those acts not inconsistent with the act the clause protects are to remain in force. *E.g. Commonwealth v. Reese,* 293

Pa. 398, 143 A. 127 (1928) *In re McCann's Adoption,* 104 Pa.Super. 196, 159 A. 334, (1931); *Commonwealth ex rel. Matthews v. Lomas,* 302 Pa.Super. 97, 153 A. 124 (1930). Therefore, I conclude that Section 331.21(a) is to remain intact.

In sum, I find no reason to believe that the General Assembly, in enacting Section 9761(a), intended to change the longstanding policy of this Commonwealth found in Section 331.21a. If the General Assembly had intended to make such a fundamental change in the sentencing law, it would have done so clearly and directly.

Since it is evident from the record that Section 331.21a(a) squarely applies to appellant, the new sentence imposed upon him, pertaining to the burglary we have considered in this appeal, must run consecutively with his prior sentence. Consequently, the sentencing judge erred in directing that appellant will serve his new sentence concurrently. Because the sentencing judge erred and it was his intention not to have appellant serve a consecutive sentence of the same length as the erroneous sentence, I would vacate sentence and remand for resentencing.