J-S66036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                   Appellee     :
                                :
              v.                :
                                :
ROBERT A. BOGDAN,               :
                                :
                   Appellant    :   No.  812 WDA 2015

Appeal from the Judgment of Sentence October 4, 2012
in the Court of Common Pleas of Lawrence County,
Criminal Division at No(s): CP-37-CR-0000487-2011

BEFORE:  OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED JANUARY 12, 2016**

Robert A. Bogdan (Appellant) appeals *nunc pro tunc* from the judgment of sentence entered on October 4, 2012. Upon review, we affirm.

On March 10, 2010, Appellant was arrested and charged at CP-37-CR-0000303-2010 (303 of 2010) with two counts of terroristic threats, two counts of obstruction of justice, and two counts of intimidation of a witness/victim.  On June 18, 2010, Appellant entered an open guilty plea to one count of terroristic threats and one count of obstruction of justice.  He was sentenced to an aggregate term of three years of probation.

While serving his term of probation, Appellant was arrested and charged at docket number CP-37-CR-0000487-2011 (487 of 2011) with a

---

* Retired Senior Judge assigned to the Superior Court.

number of crimes, including aggravated assault. These charges stemmed from a "home invasion in which [Appellant and another male] allegedly entered a home on Smithfield Street in Union Township and struck the residents several times in the head with a pistol after they were ordered to give [them] all their money and pills." Trial Court Opinion, 8/15/2012, at 2. One of the victims identified Appellant as one of the individuals involved in the incident. Police interviewed Appellant and he provided an oral statement wherein he "admitted to smashing the gun cabinet and taking the guns out of the gun cabinet that were stolen from the residence." N.T., 5/4/2011 at 10. The interview lasted approximately two to three hours; and, according to the police, Appellant was informed of his rights pursuant to ***Miranda v. Arizona***, 384 U.S. 436 (1966). N.T., 8/26/2011, at 9-10.

On July 25, 2011, Appellant filed a motion to suppress the statements he made to police. Specifically, Appellant argued that his incriminating statements should be suppressed because they were obtained in violation of ***Miranda***. Motion to Suppress, 7/25/2011, at ¶ 6.

A hearing on the motion was held on August 26, 2011. Trooper Henry Gustafson testified that Appellant was read his ***Miranda*** warnings and Appellant asked to speak to an attorney. Then, according to the Trooper, Appellant changed his mind and made a "partial confession." N.T., 8/26/2011, at 10. Specifically, Appellant told police he was part of the Crips gang and other members were forcing him to do things. According to

Appellant, another other gang member, Moosh, was the only one who pistol-whipped the victims.

After that hearing, Appellant was permitted to amend his motion to suppress to include a petition for writ of *habeas corpus*. The amended motion was filed on August 30, 2011, and a hearing was rescheduled to February of 2012. Shortly before the hearing, Appellant filed a motion to continue the hearing because he wished to have "additional time to consider the plea offer." Motion for Continuance, 2/8/2012.

The second day of the suppression hearing occurred on March 29, 2012. The trial court did not have enough time to finish the hearing that day. Before hearings were complete or a decision was rendered on the motion to suppress, Appellant appeared before the trial court to plead guilty to one count of aggravated assault on April 20, 2012. The Commonwealth agreed to recommend a sentence of four to ten years of incarceration in exchange for Appellant's guilty plea. N.T., 4/20/2012, at 2-3. The trial court accepted the plea, and sentencing was scheduled for June 29, 2012. Appellant then filed a motion to expedite sentencing,[1] and sentencing was rescheduled to June 7, 2012. Although a transcript of this hearing does not appear in the record before us, the order entered that day states that Appellant "orally" moved to withdraw his guilty plea. Order, 6/12/2012. A hearing on that motion was scheduled for July 5, 2012. *Id*. At the hearing

---

[1] The Commonwealth did not oppose this motion.

- 3 -

on July 5, 2012, counsel for Appellant set forth Appellant's reasons for wishing to withdraw his guilty plea, which included, *inter alia*, that Appellant would like to find out the trial court's ruling on the suppression motion and preserve any associated appellate rights.

The Commonwealth argued that it had been contacted *pro se* by Appellant prior to this hearing and Appellant "advised [the assistant district attorney] that he intended to proceed with his acceptance of the plea offer and proceed to sentencing." N.T., 7/5/2012, at 4. Thus, the Commonwealth requested time to file a responsive brief to the motion to withdraw the guilty plea. That response was filed on July 11, 2012.

On August 1, 2012, Appellant sent a letter to the trial court requesting new counsel due to plea counsel's purported ineffective assistance. On August 9, 2012, plea counsel filed a motion to withdraw his appearance based on Appellant's letter. The trial court denied that motion stating that Appellant "is not entitled to choice of counsel to be appointed and has not identified any ineffectiveness of present counsel." Order, 8/9/2012.[2]

On August 15, 2012, the trial court denied Appellant's motion to withdraw his guilty plea. On October 4, 2012, the trial court sentenced Appellant at case number 487 of 2011 to four to ten years of incarceration, in accordance with the Commonwealth's recommendation. The trial court also revoked Appellant's probation at case number 303 of 2010, and

---

[2] Plea counsel was Appellant's fifth appointed counsel at this point.

sentenced Appellant to two to four years of incarceration to run concurrently with the sentence at case number 787 of 2011. The sentence also included credit for time served, a restitution amount of one dollar to be modified upon receipt of supporting documentation, and laboratory fees.

Appellant filed a post-sentence motion requesting recalculation of his credit time, recalculation of restitution, and, once again, to withdraw his guilty plea. Hearings were held on the post-sentence motion on January 11 and 31, 2013. On March 11, 2013, the trial court denied in part and granted in part the post-sentence motion.[3] On April 13, 2013, Appellant filed a notice of appeal. On August 1, 2013, this Court quashed that appeal as untimely-filed because it was filed more than 30 days after the denial of the post-sentence motion.[4] Additionally, plea counsel filed a motion to withdraw as counsel and requested new counsel be appointed as he had failed to perfect Appellant's direct appeal.

Subsequently, Appellant filed a *pro se* PCRA petition requesting, *inter alia*, reinstatement of his direct appeal rights. New counsel was appointed and an amended petition was filed on August 15, 2014. A hearing was held on November 18, 2014. On April 1, 2015, the PCRA court granted in part

---

[3] The trial court granted the Commonwealth's request to amend the order of restitution to $1,130.30, and denied Appellant's request to eliminate restitution. The trial court also eliminated a requirement that Appellant pay laboratory fees, as there were no fees incurred. The trial court denied the motion to withdraw the guilty plea and recalculate credit for time served.

[4] The notice of appeal was filed one day late.

- 5 -

and denied in part Appellant's PCRA petition. Specifically, the PCRA court reinstated Appellant's right to file a direct appeal *nunc pro tunc* at case number 487 of 2011. The PCRA court denied all relief with respect to Appellant's sentence at case number 303 of 2010. Appellant filed a notice of appeal from that order, which we will treat as Appellant's direct appeal *nunc pro tunc* from his October 4, 2012 judgment of sentence at case number 487 of 2011. Both Appellant and the lower court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three issues for review: 1) a challenge to the denial of his pre-sentence motion to withdraw his guilty plea; 2) a challenge to the calculation of Appellant's credit for time served; and 3) a challenge to the process for calculating restitution. Appellant's Brief at 9.[5]

We begin with Appellant's challenge to the denial of his pre-sentence motion to withdraw his guilty plea and set forth the relevant law on this matter.[6]

> There is a clear distinction between requests to withdraw a guilty plea made prior to sentencing and those that are made

---

[5] The Commonwealth has not filed a brief in this Court.

[6] We observe that, at this juncture, we consider only Appellant's claims that were available to him had his direct appeal been timely filed. "[C]laims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). Accordingly, we cannot consider claims made during the course of the PCRA process. Moreover, to the extent Appellant is arguing that counsel provided ineffective representation at Appellant's guilty plea hearing by failing to inform the trial court of Appellant's innocence, that claim cannot be reviewed.

after sentencing. In our seminal decision of ***Commonwealth v. Forbes***, 450 Pa. 185, 299 A.2d 268 (1973), we set forth the parameters for determining when, as here, a request to withdraw a guilty plea made prior to sentencing should be granted. We stated that "although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed."

In ***Forbes***, the appellant pled guilty to various crimes stemming from an assault and robbery of the victim in her home, which resulted in her death. An on-the-record colloquy was conducted prior to the court's entrance of appellant's pleas. Having concluded that the pleas were made "voluntarily and understandingly," the court concluded that the evidence presented revealed that a case of first degree murder had been made out. The court deferred further ruling on the matter until a three-judge panel could be convened.

On the day of the scheduled hearing before the three-judge panel, appellant stated that he wished to withdraw his guilty pleas because he did not "want to plead guilty to nothing [he] didn't do." Appellant later abandoned this request, but it became clear that his decision was based upon defense counsel's threat to withdraw from the case. The court nevertheless proceeded to sentence appellant to life imprisonment based upon a finding that appellant was guilty of first degree murder.

The appellant in ***Forbes*** asserted that the court erred in failing to permit him to withdraw his guilty pleas made pursuant to his original request and prior to sentencing, once it became clear that he abandoned this request based on his counsel's coercion. We agreed and found the appellant's withdrawal of his original request to be invalid. In reversing the judgment of sentence and granting a new trial, we again stated that "a request [to withdraw] made before sentencing has been generally construed liberally in favor of the accused." We then set forth the following test regarding when such a request should be permitted:

> [I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just

reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution had been "substantially prejudiced."

Applying this test to the facts of **Forbes**, we held that the trial court should have allowed withdrawal of appellant's guilty pleas. We noted that the basis for the appellant's requested withdrawal was that he did not "want to plead guilty to nothing [he] didn't do." Accordingly, we found that

> *appellant, by this assertion of innocence-so early in the proceedings-offered a "fair and just" reason for withdrawal of his plea.* Moreover, on this record there is not even the slightest suggestion that the prosecution was in any sense "substantially prejudiced by reliance upon the defendant's plea."

**Commonwealth v. Randolph**, 718 A.2d 1242, 1244 (Pa. 1998) (some citations omitted; emphasis in original).

Recently, in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), our Supreme Court re-examined the test set forth in **Forbes**.

> [T]his Court's **Forbes** decision reflects that: there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. **See Forbes**, 450 Pa. at 190–91, 299 A.2d at 271. The perfunctory fashion in which these principles were applied to the circumstances presented in **Forbes**, … lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason. **See**, **e.g.**, **Forbes**, 450 Pa. at 192, 299 A.2d at 272 ("Obviously, [the] appellant, by [his] assertion of innocence—so early in the proceedings[, *i.e.*, one month after the initial tender of a plea,]—offered a 'fair and just' reason for withdrawal of the plea.").

\*\*\*

- 8 -

As with other such bright-line rules, however, the principle is subject to the axiom that the holding of a decision is to be determined according to the facts under consideration … and continuing evaluation as experience with new fact patterns offers further insight into the wisdom of a *per se* approach. Indeed, we recently observed, that, "for better or for worse, the experience with broadly stated prophylactic rules often has been that they cannot be sustained on their original terms." **Commonwealth v. Henderson**, 616 Pa. 277, 287, 47 A.3d 797, 803 (2012).

Presently, we are persuaded by the approach of other jurisdictions which require that a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Carrasquillo**, 115 A.3d at 1291-92 (some citations omitted).

We now apply this standard to the facts of this case. The certified record reveals that Appellant became aware of the Commonwealth's offer not later than February of 2012 when he requested a continuance of the suppression hearing. Then, Appellant pled guilty on April 20, 2012, and that guilty plea included a colloquy where he acknowledged, *inter alia*, that his maximum term of imprisonment could be up to 120 years. Guilty Plea Colloquy, 4/20/2012, at ¶ 16. Shortly thereafter, Appellant filed a motion to expedite sentencing where he stated that he "would like to begin serving his sentence as soon as possible" and that he would like to become established

in a "home" prison in the state system as soon as possible.[7] Motion to Expedite Sentencing, 6/4/2012. The trial court moved Appellant's sentencing from June 29, 2012 to June 7, 2012 to comply with Appellant's request. Then, at the June 7, 2012 specially-requested sentencing hearing, Appellant, through counsel orally, moved to withdraw his guilty plea, forcing the trial court to schedule a hearing for July 5, 2012.

At that hearing, counsel for Appellant set forth the following.

> [Appellant] seeks to withdraw his guilty plea, because he wishes to proceed with the suppression hearing. He also is concerned that the Commonwealth has yet to obtain the results of the DNA testing that was done on certain evidence acquired at the alleged scene of the crime with which he is charged.
>
> Also, [Appellant] wishes to preserve certain appeal rights that I believe -- excuse me, he wishes to preserve certain rights that I believe only exist for him prior to sentencing, and should he be sentenced, his rights to appeal would be limited to appealing his sentencing seeking modification by the Court or whatever PCRA rights he might have. I don't think that [Appellant] believes these are sufficient to preserve, you know, the rights that he believes he has at this stage of this proceeding now.
>
> And, lastly, at the time that [Appellant] entered his plea and we then proceeded to sentencing, we had only recently discussed the maximum time limits that he would be facing should he be found guilty on all charges, and I believe that, according to [Appellant] that discussion of what he might be facing created some duress at that time, which upon reconsideration, he is willing to take on that risk in order to proceed with item number one, which is proceeding with his suppression hearing.

N.T., 7/5/2012, at 2-3.

---

[7] Appellant was being housed at the Lawrence County Jail.

- 10 -

In response, the Commonwealth argued that because Appellant "has not asserted his innocence … [Appellant has not made] a proper assertion of [a] 'fair and just' [reason.]" Commonwealth's Answer, 7/11/2012, at 5 (unnumbered).  The trial court denied Appellant's motion because Appellant "did not assert his innocence at any time during the hearing on his motion to withdraw his guilty plea." Trial Court Opinion, 8/15/2012, at 7.  Thus, the trial court concluded that Appellant did not offer a fair and just reason permitting the pre-sentence withdrawal of the guilty plea.

We agree with the trial court that the reasons offered by Appellant did not amount to a fair and just reason to withdraw his guilty plea.  Not only did Appellant in no way assert his innocence, but his bald assertions about his evidentiary issues are belied by the record.  Appellant was aware of this plea offer in February of 2012 at the latest.  At some point between February and April of 2012, Appellant abandoned his desire to finish the suppression hearing and accept the Commonwealth's offer.  Moreover, Appellant represented to the trial court that he wished to expedite sentencing, not delay it further.  The trial court even granted that request.

Moreover, the reasons offered by Appellant amounted to no more than buyer's remorse and appeared to be only an attempt to delay the inevitable.  *See also Commonwealth v. Dorian*, 460 A.2d 1121 (Pa. Super. 1983) (holding that a request to proceed with a suppression motion did not amount to an "assertion of innocence" and therefore Dorian has not offered a fair

and just reason for withdrawal of his guilty plea). Accordingly, we cannot see how permitting Appellant to withdraw his guilty plea at that juncture "would promote fairness and justice." *Carrasquillo*, 115 A.3d at 1292. Thus, we affirm the order of the trial court denying Appellant's pre-sentence motion to withdraw his guilty plea.

We now turn to Appellant's second issue on appeal, wherein he argues that the trial court erred in its calculation of credit for time served. Appellant's Brief at 19-20. Specifically, Appellant argues that the trial court should have applied all time spent in custody to his sentence at case number 487 of 2011.

We set forth our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

We also bear in mind that "there is no constitutional right to credit for time served prior to trial or sentence. Statutes which afford pre-sentence confinement credit are founded upon the recognition that an indigent offender, unable to furnish bail, should serve no more and no less time in confinement than an otherwise identically situated offender who succeeds in furnishing bail." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa.

Super. 2009) (citations and quotations omitted). The statute that governs credit time provides the following.

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

"Where an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement **must be credited** to either the new sentence or the original sentence." **Mann**, 957 A.2d at 749 (emphasis in original).

Instantly, Appellant was incarcerated on the charges at case number 487 of 2011 on April 17, 2011, and bail was set at $100,000. On the same day, the Board of Probation and Parole lodged a detainer against Appellant at case number 303 of 2010. Thus, Appellant was incarcerated pursuant to both a detainer and new criminal charges. Accordingly, consistent with **Mann**, the trial court could credit Appellant's pre-trial incarceration to either sentence. The trial court divided pre-trial credit time in a logical fashion. For the 424 days Appellant spent incarcerated between his arrest and guilty plea, the trial court credited the time to Appellant's revocation sentence. For the 136 days between Appellant's guilty plea and sentencing, the trial court credited that time to Appellant's new sentence. We discern no abuse of

- 13 -

discretion in that reasoning or result. Accordingly, Appellant is not entitled to relief on this basis.

We now turn to Appellant's final issue on appeal, wherein he argues that the trial court erred in ordering him to pay restitution of $1,131.30 because "he did not receive adequate notice of proof of this amount … to allow him to amount an effective defense on this issue." Appellant's Brief at 21.

The statute governing restitution provides the following, in relevant part.

> **(a) General rule**.--Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> ***
>
> **(c) Mandatory restitution.--**
>
> ***
>
> (2) At the time of sentencing the court shall specify the amount and method of restitution.
>
> (3) The court may, at any time or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, alter or amend any order of restitution made pursuant to paragraph (2), provided, however, that the court states its reasons

- 14 -

and conclusions as a matter of record for any change or amendment to any previous order.

42 Pa.C.S. § 1106.

At sentencing, the Commonwealth stated that "there does not appear to be any restitution as of yet, but I would ask that one dollar be set as restitution to the victim." N.T., 10/4/2012, at 2.[8] Appellant did not object at that time to the inclusion of restitution.

In his post-sentence motion, Appellant argued that the inclusion of one dollar as a restitution amount was "sufficiently vague such that he is denied the due process of law." Post-Sentence Motion, 10/15/2012, at ¶ 23. On November 15, 2012, the Commonwealth filed a motion to amend restitution. Specifically, the Commonwealth requested amendment of restitution because it received notice from the Department of Public Welfare that it paid $1,130.30 for injuries to the victim.

At the hearing on the post-sentence motion and the motion to amend, the Commonwealth presented a letter outlining the medical expenses for the victim in the aforementioned amount. N.T., 1/11/2013, at 9.[9] Appellant objected to this letter on two bases. First, Appellant argued that while he received notice of the amount on November 15, 2012, he only received the breakdown of expenses on the day of the hearing, and thus he did not have

---

[8] As part of Appellant's plea agreement, he agreed to pay restitution to the victims. N.T. 4/20/2012, at 3.

[9] A copy of this letter is not included in the certified record.

the opportunity to respond. Appellant also objected to this letter on the basis that it was "not a properly certified business record." *Id*. at 10. The hearing was then continued to January 31, 2013 to consider the restitution issues as well as an issue with regard to Appellant's credit time.

At the January 31, 2013 hearing, the issue of restitution was not addressed by Appellant, the Commonwealth, or the trial court. On March 11, 2013, the trial court entered the order including the restitution amount provided in the Commonwealth's letter. Based on the foregoing, any issue regarding adequate notice of the amount of restitution is waived. Appellant had the opportunity to raise it at the trial court on January 31, 2013, and did not do so.

Even if Appellant did not waive this issue, he would not be entitled to relief.

> Here, the information received by the Commonwealth from the Pennsylvania Department of Public Welfare was not known at the time of sentencing and could not be reasonably ascertained. [Appellant] was given notice of the amount on November 15, 2012, after the date of sentencing, and official documentation was provided on January 11th, 2013. The Court has broad authority under 18 Pa.C.S. § 1106(c)(2) to alter or amend an order of restitution at any time, so long as it states its reasons for doing so as a matter of record. Therefore, [Appellant's] objection to timeliness must be overruled, and the [trial court's sentencing order] of October 4th, 2012 at Case. No. 487 of 2011, shall be amended to reflect $1,13[0].30 for medical bills incurred by the victims[.]

Trial Court Opinion, 3/11/2013, at 4 (some citations omitted).

Based on the parameters set forth in section 42 Pa.C.S. § 1106, it is evident that the trial court properly modified the restitution. Accordingly, we affirm Appellant's judgment of sentence with respect to restitution.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016