J-A20030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER STEVEN TICHENOR | : | |
| Appellant | : | No. 301 MDA 2017 |

Appeal from the Judgment of Sentence February 7, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000581-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 08, 2018**

Appellant, Christopher Steven Tichenor, appeals from the judgment of sentence imposed by the Cumberland County Court of Common Pleas. Appellant argues the trial court abused its discretion denying both his petition to withdraw his guilty plea and his motion to suppress. We affirm.

On June 30, 2016, Appellant pleaded guilty to one count each of Driving Under the Influence and Possession of Drug Paraphernalia.[1] However, on the date scheduled for sentencing, Appellant indicated his desire to withdraw his guilty plea. The trial court postponed sentencing to allow Appellant to file his motion. On December 16, 2016, Appellant filed both a motion to withdraw his guilty plea and a motion to suppress his blood results pursuant to ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016), which the High Court decided prior

---

[1] 75 Pa.C.S.A. § 3802(b), and 35 P.S. § 780-113(a)(32), respectively.

to entry of his plea. Following a hearing, the court denied both motions and sentenced Appellant to an aggregate term of thirty days to six months' imprisonment. This timely appeal follows.

Appellant first alleges the trial court erred by denying his petition to withdraw his guilty plea. Specifically, Appellant points to the fact that he filed his motion to withdraw his plea prior to sentencing, when motions to withdraw should be "liberally allowed." Appellant also asserts he had a "fair and just" reason to withdraw his plea, as he believed his suppression motion, based on *Birchfield*, was meritorious.

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty … and the substitution of a plea of not guilty."

> Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed. Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced. As a general rule, the mere articulation of innocence is a fair and just reason for the pre-sentence withdrawal of a guilty plea unless the Commonwealth has demonstrated that it would be substantially prejudiced.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1022-1023 (Pa. Super. 2016) (internal citations, quotation marks, and brackets omitted; ellipses in original).

The trial court in the instant case concluded Appellant failed to advance a "fair and just reason" for withdrawal. We agree.

Appellant did not assert his innocence in the motion to withdraw (nor in his appellate brief). And he did not claim, at any time, that he entered into the plea involuntarily, unknowingly, or unintelligently. The only reason Appellant set forth to support his request to withdraw his plea was his desire to litigate a pretrial suppression motion. That is not a "fair and just reason." *See Commonwealth v. Dorian*, 460 A.2d 1121, 1123 (Pa. Super. 1983) (finding a motion to withdraw a pre-sentence guilty plea properly denied where defendant's desire to withdraw the plea was not based on claimed innocence, but on information that defendant may have a "possible defense").

Therefore, we find the trial court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea.

Appellant next argues the trial court erred by denying his motion to suppress pursuant to *Birchfield*. But as we have just found the trial court properly refused withdrawal of the guilty plea, Appellant cannot succeed on this claim. "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of

the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/08/2018