J-S81007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS EUGENE BAUGHMAN | : | |
| | : | No. 350 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence February 7, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0002796-2015

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 24, 2018**

Thomas Baughman appeals from the judgment of sentence entered after he pled guilty to various crimes including driving under the influence of alcohol ("DUI") while his license was suspended from a previous DUI conviction. We affirm. In fact, this was Baughman's seventh lifetime conviction for DUI. After the court postponed sentencing at Baughman's request, Baughman declined to appear for his sentencing hearing. And the court then issued a bench warrant for his arrest.

While Baughman was a fugitive, the United States Supreme Court found that "motorists cannot be deemed to have consented to submit to a blood test

_____

* Retired Senior Judge assigned to the Superior Court.

on pain of committing a criminal offense." ***Birchfield v. North Dakota***, 136 S.Ct. 2160, 2186 (2016). In so finding, the Court vacated the conviction of one of the petitioners who had consented to a blood draw after being informed by police that he must comply with the blood test, or else face criminal penalties.

Several months later, Baughman was finally apprehended while awaiting trial in another county for various crimes, including yet another DUI charge. On the day prior to his rescheduled sentencing hearing, Baughman filed a motion to withdraw his guilty plea. He asserted that he wished to have his blood test results suppressed pursuant to ***Birchfield***. The trial court denied the motion, and sentenced Baughman to a term of imprisonment of 1½ to 5 years. This timely appeal followed.

On appeal, Baughman contends the court erred in denying his motion to withdraw his guilty plea. Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, … the withdrawal of a plea of guilty … and the substitution of a plea of not guilty."

> Although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing … should be liberally allowed. Thus, in determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, the test to be applied by the trial courts is fairness and justice. If the trial court finds any fair and just reason, withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been substantially prejudiced. As a general rule, the mere articulation of innocence is a fair and just reason for the pre-sentence withdrawal of a guilty

plea unless the Commonwealth has demonstrated that it would be substantially prejudiced.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1022-1023 (Pa. Super. 2016) (internal citations, quotation marks, and brackets omitted; ellipses in original).

Initially, we agree with Baughman's assertion that the court applied the incorrect standard in rejecting his motion to withdraw his guilty plea. *See* Trial Court Opinion, 6/1/17, at 3 (holding that Baughman had not established a "manifest injustice" in support of his request to withdraw his guilty plea).[1] As noted above, Baughman moved to withdraw his plea prior to sentencing. Thus, he was entitled to withdrawal if he could set forth any "fair and just" reason for the withdrawal. He was not required to demonstrate a "manifest injustice."

However, this does not render the trial court's decision wrong. *See The Brickman Group, Ltd. v. CGU, Inc.*, 865 A.2d 918, 928 (Pa. Super. 2004) ("We are not bound by the trial court's rationale, and may affirm on any basis.")

A "fair and just" reason is not *any* reason. *Commonwealth v. Dorian*, 460 A.2d 1121, 1123 (Pa. Super. 1983) (finding a motion to withdraw a pre-

---

[1] The trial court did conclude, in the alternative, that it would have rejected Baughman's request to withdraw his guilty plea even under the more lenient standards applicable to pre-sentence requests. *See id*., at 4 n.11. The court concluded that withdrawal of the plea would have prejudiced the Commonwealth. We do not reach the issue of prejudice to the Commonwealth, as Baughman failed to establish the predicate requirement of a "fair and just" reason for the withdrawal.

sentence guilty plea properly denied where defendant's desire to withdraw the plea was not based on claimed innocence, but on information that defendant may have a "possible defense"). Rather, the proper standard is "whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015).

Baughman did not assert his innocence in his motion to withdraw. Furthermore, he conceded that he was not challenging any of the factual bases for his convictions. ***See*** N.T., Sentencing Hearing, 2/7/17, at 3. Finally, he has not claimed, at any time, that he entered into the plea involuntarily, unknowingly, or unintelligently. The only reason Baughman has ever set forth to support his request to withdraw his plea was his desire to litigate a pretrial suppression motion. Under these circumstances, we cannot conclude withdrawal of Baughman's plea would promote "fairness and justice." Thus, his desire to litigate ***Birchfield*** is not a "fair and just" reason for the withdrawal of his guilty plea.

Therefore, we find the trial court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea. As this is the only issue on appeal, we affirm Baughman's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>04/24/18</u>